**Daniel Vincent LANGIANO, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 37304, 37351.**

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 17, 1976.

Paul M. Storment, Jr., Belleville, Ill., for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George F. Meyer, Jr., Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Movant appeals denial of his motion to withdraw his guilty plea and set aside the judgment.

April 30, 1975 defendant pleaded guilty to selling a controlled substance. Before accepting the plea, the trial court questioned defendant to determine the voluntariness of his plea. The court advised defendant in detail of the rights he was waiving by pleading guilty and the range of punishment. He was informed the court knew of his prior felony conviction, that no promises were being made regarding sentencing but that there would be a pre-sentence investigation. June 27, 1975 the court sentenced him to seven years' imprisonment.

■ Movant acknowledged his participation in the sale of marijuana but contends his guilty plea was involuntary because he believed he would receive probation. The only evidence to support this is movant's testimony given at his hearing. He testified his attorney told him if he pled guilty he would be placed on probation. He admitted that neither the prosecuting attorney nor the court had ever indicated he would receive probation. The court denied the motion based on movant's lack of credibility. Considering movant's obvious interest, the fact he did not call his lawyer to testify, and the contradictions between his testimony at the hearing and statements made when he pled guilty, we find the trial court did not abuse its discretion in disbelieving him. *Blanchard v. State*, 504 S.W.2d 180[1, 2] (Mo.App.1973).

■ We find the record shows movant's guilty plea was voluntarily made. The trial judge did more than follow a particular procedure before accepting the guilty plea and the hearing was concerned with substance more than form. *Flood v. State*, 476 S.W.2d 529[3] (Mo.1972). The trial court carefully advised defendant of his rights, range of punishment, the court's knowledge of his prior felony convictions and the lack of promises regarding sentencing. We find no error in the trial court's denial of movant's motion.

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.