STATE of Missouri,
Plaintiff-Respondent,

v.

Mark McCOLLUM, Defendant-Appellant.

No. 41698.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

J. Briney Welborn, Briney, Welborn & Spain, P. C., Bloomfield, for defendant-appellant.

Transferred from John Ashcroft, Atty. Gen., to Stephen N. Limbaugh, Jr., Pros. Atty., for Cape Girardeau County, on March 12, 1980 pursuant to § 27.050, RSMo 1978, for plaintiff-respondent.

SNYDER, Judge.

Appellant Mark McCollum pleaded guilty to the misdemeanor of tampering with a motor vehicle, § 560.175, RSMo 1969, and was sentenced to one year in the county jail. Appellant moved to withdraw his guilty plea prior to imposition of the sentence. On appeal he charges the trial court erred in denying the motion to withdraw the guilty plea because he was deprived of his right to a jury trial.[1]

This point is ruled against appellant and the judgment affirmed.

The facts will be stated summarily because the appeal is before this court upon a partial transcript. When appellant came before the trial court for sentencing, and before the actual sentencing, he requested the court to tell him what sentence the court intended to impose. Although no plea bargain had been reached with appellant, appellant believed the maximum punishment he should receive should be commen-

---

1. Although appellant's notice of appeal is not entirely clear, the appeal is properly from the order denying appellant's motion to withdraw his guilty plea and not from the judgment of conviction. *State v. England,* 599 S.W.2d 942, 943–944[1–2] (Mo.App.1980). Nonetheless, the appellant's notice of appeal is sufficient to vest his appeal in the appellate court. *State v. England, supra.*

surate with the jail time already served, for which he believed he should receive credit on his sentence. The court refused to tell appellant what sentence it intended to impose. Thereupon, appellant moved to withdraw his guilty plea, asserting his constitutional right to a jury trial. The trial court denied appellant's request and sentenced appellant to one year's imprisonment in the county jail, with credit to be given for appellant's jail time.

Upon this appeal from the denial of a presentence motion to withdraw a guilty plea, the appellate court's review is limited to a determination of whether the trial court's ruling is an abuse of discretion. *State v. England*, 599 S.W.2d 942, 947[4–6] (Mo.App.1980); *State v. Nielsen*, 547 S.W.2d 153, 158[1–4] (Mo.App.1977). The rule permitting presentence withdrawal of a guilty plea does not entitle an accused to withdrawal of the plea as a matter of right but only in extraordinary circumstances. *State v. Nielsen, supra*, 158[1–4]. Rule 29.-07(d).[2] "If an accused has been misled or induced to plead guilty because of fraud, mistake, misapprehension, fear, persuasion or holding out of hopes which prove to be false or illfounded, he should be permitted to withdraw his plea." *State v. Nielsen, supra*, 159[6].

In the case under review, appellant has not suggested any ground of fraud, mistake or misunderstanding which induced his plea. The abbreviated transcript filed with this court does not include the record of the actual guilty plea but only the record of the sentencing hearing at which the motion to withdraw the guilty plea was made and denied. Appellant appears to complain that the trial court would not promise him he would receive the sentence appellant desired. The trial court is within its discretion in denying the presentence motion to withdraw a guilty plea if the state and the trial court have not failed to perform obligations under plea agreements. *State v.*

*England, supra*, 946–947[3]. Appellant has not suggested the trial court or the state violated any plea agreement here. In fact, appellant stipulated that there had been no plea bargaining at all.

The trial court's denial of appellant's motion to withdraw his guilty plea and the consequent judgment and sentence entered upon that plea are affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

2. Rule 29.07(d) (formerly Rule 27.25) reads:

"Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."