**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Larry H. LAWRENCE,**
**Defendant-Appellant.**

**No. 42032.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
May 11, 1981.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for defendant-appellant.

Charles Shaw, Shaw, Howlett & Schwartz, Clayton, for plaintiff-respondent.

DOWD, Judge.

Appellant, Larry H. Lawrence, pleaded guilty to the charge of assault with intent to do great bodily harm without malice and was sentenced to one year in the county jail. Before imposition of sentence appellant filed a motion to withdraw his guilty plea, which was denied by the trial court. Appellant appeals the trial court's denial of the motion to withdraw his guilty plea. We affirm.

Appellant contends that his plea of guilty was not knowingly and voluntarily made because he misunderstood the plea bargaining agreement, the guilty plea proceedings and the consequences of his plea. Appellant argues that his attorney told him that he might be granted probation and might not be sentenced to a term in jail. On this appeal, appellant argues that the trial court should have granted the motion to withdraw because of appellant's misconceptions concerning his plea of guilty.

Appellant was originally charged with assault with intent to do great bodily harm with malice. Thereafter, plea negotiations occurred between appellant's attorney, an assistant public defender, and the prosecuting attorney. On March 22, 1979 appellant pleaded guilty to the amended charge of assault with intent to do great bodily harm without malice. At the guilty plea proceeding appellant admitted facts which constituted the offense charged. Before accepting this plea the trial court thoroughly advised appellant of his right to a public jury trial, to confront and cross-examine witnesses, to remain silent at trial and that his guilt would have to be proved beyond a reasonable doubt.

The appellant was also advised of the range of punishment applicable to the amended charge, and that the prosecuting attorney recommended a sentence of one year in the county jail. Because appellant's attorney had requested a presentence investigation, the trial court explained what was involved in such an investigation. Appellant acknowledged that he understood that it was solely up to the trial court to determine what sentence would be imposed. The trial court told appellant: "I may put you on probation or I may not put you on probation. I may accept the recommendation of the prosecutor, or I may not accept it." After appellant confirmed that no one made any promises which induced his plea and no one forced him to enter the plea, the trial court accepted the guilty plea.

Approximately five months after the plea was accepted appellant employed the services of another attorney, and the motion to withdraw the guilty plea was filed. On August 24, 1979 a hearing was held on the motion to withdraw. Appellant told the trial court that when he pleaded guilty it was his understanding that he would "probably be paroled." [1] The trial court denied appellant's motion to withdraw the guilty plea, finding that the plea was voluntarily and intelligently entered.

A motion to withdraw a plea of guilty may be made before imposition of sentence. After sentence, the court may permit withdrawal of the guilty plea to correct manifest injustice. Rule 29.07(d) (formerly Rule 27.25). Under this rule, the withdrawal of a guilty plea is not granted as a matter of right but only in extraordinary circumstances. *State v. McCollum*, 610 S.W.2d 81 (Mo.App.1980); *State v. Nielson*, 547 S.W.2d 153, 158–159 (Mo.App.1977). Appellate review of the denial of a presentence motion to withdraw a guilty plea is limited to a determination of whether the trial court's ruling is an abuse of discretion. *State v. McCollum, supra; State v. England*, 599 S.W.2d 942, 947 (Mo.App.1980). When a defendant has been misled or induced to plead guilty because of fraud, mistake, misapprehension, fear, persuasion or holding out of hopes which prove to be false or ill-founded, he should be permitted to withdraw his plea. *State v. Nielson, supra.*

The only evidence to support appellant's contention that he believed he would receive probation upon a plea of guilty was his testimony at the hearing on the motion to withdraw. However, the record at the guilty plea proceedings clearly refutes any possibility that appellant operated under any such misunderstanding. Appellant had been advised of the range of punishment for the charge against him. The trial court carefully explained that following the presentence investigation the determination of appellant's sentence was solely the trial court's decision. Appellant was told that he may be placed on probation or he may not be placed on probation, and that he could be sentenced to a term within the range of punishment for the offense charged. Appellant was sentenced to one year in the county jail, which was the prosecuting attorney's recommendation when appellant entered his guilty plea. We find the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea of guilty. *See, State v. Zito*, 595 S.W.2d 383,

1. Appellant stated that "it was my understanding in front of the previous lawyer that with my record and everything, that I'd proba- bly be paroled, but that didn't go too good, so I decided to get me another lawyer."

385–386 (Mo.App.1980); *Langiano v. State*, 540 S.W.2d 622, 623 (Mo.App.1976).

The trial court's denial of appellant's motion to withdraw his guilty plea and the consequent judgment and sentence entered upon that plea are affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.