STATE of Missouri,
Plaintiff-Respondent,

v.

Ricky CHOATE, Defendant-Appellant.

No. 12560.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 1982.

John Ashcroft, Atty. Gen., Kristie Green, John M. Morris, Asst. Attys. Gen., Jefferson City, for defendant-appellant.

Russell A. Ward, Joplin, for plaintiff-respondent.

MAUS, Presiding Judge.

The defendant was charged as a persistent offender with the violation of § 570.120 by issuing a "no account" check in the amount of $5,476.00. The check was issued in payment for an automobile. As a result of a plea bargain, the defendant entered a plea of guilty. Before he was sentenced, the defendant moved to withdraw that plea. The motion was denied. As a persistent offender the defendant was sentenced to ten years. By this appeal from the denial of that motion, the defendant presents one point for the consideration of this court. That point is that the trial court erred because the plea resulted from "the states (sic) failure to disclose to defendant material exculpatory information obtained by the state in Prosecutor Fleishaker's interview with witness Zbranek."

The defendant initially was represented by the Public Defender. The case was set for trial on August 27, 1981. On August 3, 1981, the Public Defender filed a motion to withdraw because the defendant was posting a surety company bond in three pending cases and was not qualified for defense at the public expense. On August 10, 1981, that motion was supplemented by a statement that the defendant had employed private counsel. On August 27, 1981, the defendant appeared with the Public Defender and employed counsel. The Public Defender was permitted to withdraw.

Then, through his employed counsel, the defendant announced that he desired to plead guilty. There was presented to the court a petition to enter a plea of guilty signed by the defendant and bearing a certificate of counsel signed by his employed counsel. The petition contained a recitation of virtually every possible element necessary to establish the plea was entered into intelligently and voluntarily. The certificate of counsel constituted a verification of the recitation of the petition. Among other things, the petition stated the Prosecuting Attorney agreed to dismiss the charge if full restitution was made within 90 days. The court fully advised and examined the defendant in accordance with Rule 24.02. This examination developed in detail the defendant's understanding that if he did not abide by the plea bargain, he could be sentenced for as long as ten years. The court accepted the plea of guilty.

On December 11, 1981, the defendant again appeared in court. He had not made restitution. The transcript states he was represented by the Public Defender and employed counsel. When the proceedings opened, the defendant pro se orally moved to withdraw his plea of guilty. It is this motion that is the basis for his appeal.

The evidence pertaining to the motion consists of the legal file and transcript of the plea of guilty and transcript of the proceedings, including the statements of the defendant and the attorneys, on December 11, 1981. From those sources the following is a resume of the pertinent facts.

On August 26, 1981, the day before the scheduled trial, the defendant filed a list of his witnesses. Among the seven witnesses was Nick Zbranek. He had been an employee of the automobile dealer to whom the check was given. The Prosecuting Attorney stated Zbranek left that employment under less than favorable circumstances. That night the Prosecuting Attorney interviewed Zbranek. The defendant said Zbranek told the Prosecuting Attorney "they knew the check was no good when I wrote it." The Prosecuting Attorney merely stated that the testimony of Zbranek did conflict with the testimony of other employees of the automobile dealer. The Prosecuting Attorney assumed the defendant and his attorneys were aware of the potential of Zbranek as a witness. He also considered the result of his interview of a witness listed by the defendant to be his work product and not subject to disclosure. Shortly after the plea of guilty was entered, the Prosecuting Attorney, apparently casually, mentioned the results of the interview to the Public Defender.

■ Rule 29.07(d) (formerly Rule 27.25) provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The rule itself sets forth the criterion for the withdrawal of a plea of guilty upon a motion made after sentence. The law applicable to the withdrawal of a plea of guilty upon a motion made before sentencing is extensively discussed in *State v. Nielsen*, 547 S.W.2d 153 (Mo.App.1977). That subject under similar Rule 32(d) of Federal Rules of Criminal Procedure is annotated in 6 A.L.R. Fed. 665 (1971).

Rule 29.07(d) does not provide a criterion for defining when a plea of guilty may be withdrawn upon a motion before sentence. It is clear a plea of guilty may not be so withdrawn as a matter of right. *State v. Lawrence*, 614 S.W.2d 1 (Mo.App.1980). It has been said that whether or not such a withdrawal shall be permitted is within the sound discretion of the court. *State v. Douglas*, 622 S.W.2d 28 (Mo.App.1981). Or, that such withdrawal will be permitted when it is fair and just, *United States v. Devins*, 646 F.2d 336 (8th Cir. 1981), or only in extraordinary circumstances. *State v. Lawrence*, supra; *State v. McCollum*, 610 S.W.2d 81 (Mo.App.1980). When a plea of guilty is entered as part of a plea bargain, the performance of that bargain by the state is properly considered in limiting the withdrawal of that plea. "The trial court is within its discretion in denying the presentence motion to withdraw a guilty plea if the state and the trial court have not failed to perform obligations under plea agreements." *State v. McCollum*, supra, at p. 83. Also see *Brown v. State*, 607 S.W.2d 801 (Mo.App.1980).

However, within the above general criteria, there are specific situations in which a defendant should be permitted to withdraw a guilty plea before sentence. "The ultimate test whether a plea should be set aside is whether it was made unintelligently and involuntarily. If an accused is misled or induced to plead guilty by mistake, misapprehension, persuasion or the holding out of hopes which prove to be false or ill-founded, he should be permitted to withdraw his plea." *State v. Nielsen*, supra, at p. 159.

■ It is established that if the suppression of exculpatory evidence by the state causes the trial of a defendant to be fundamentally unfair, he has been denied due process and his conviction must be set aside. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Also see *State v. Collor*, 502 S.W.2d 258 (Mo.1973); *State v. Bebee*, 577 S.W.2d 658 (Mo.App.1979). The doctrine has been declared applicable to the entry of a plea of guilty. *Lee v. State*, 573 S.W.2d 131 (Mo.App.1978).

■ A defendant does have the burden of proof to establish the basis upon which he seeks to withdraw a plea of guilty. *Johnson v. State*, 607 S.W.2d 185 (Mo.App. 1980); *State v. Nielsen*, supra; *United States v. Devins*, supra. In considering whether or not that burden has been met, the trial court is to determine the credibility of the witnesses. *Langiano v. State*, 540 S.W.2d 622 (Mo.App.1976). It has been repeatedly declared that this court's review of the action of the trial court is limited to a determination of whether or not the decision of the trial court was clearly erroneous or there was an abuse of discretion. *State v. Douglas*, supra; *State v. Lawrence*, supra; *State v. Nielsen*, supra.

■ As stated, the defendant's appeal is predicated upon the proposition the state, when required to do so, failed to disclose allegedly exculpatory evidence. From his brief it is not clear whether the defendant relies upon the doctrine enunciated in *Brady* or upon the state's failure to comply with Rule 25.03(A)(9). In the circumstances of this case the distinction is not critical. Even assuming the state did not comply with Rule 25.03(A)(9), "[t]he question remains, however, whether the failure to disclose resulted in fundamental unfairness or prejudice to defendant." *State v. Smothers*, 605 S.W.2d 128 (Mo. banc 1980).

If the evidence established the defendant did not know of the allegedly exculpatory material, this court would consider whether or not the failure of the Prosecuting Attorney to report to the defendant the results of his interview with Zbranek required leave to withdraw his plea under the *Brady* doctrine or because of a non-disclosure under Rule 25.03. The duty of the state to disclose exculpatory information revealed by an interview with a witness listed by the defendant is not clearly defined. The general topic is the subject of Annot., Withholding Evidence—By Prosecution, 34 A.L. R.3d 16 (1970).

■ The question referred to above need not be decided. The record does not establish the defendant had no knowledge of the allegedly exculpatory material. This court has carefully reviewed the statements of the Public Defender. His statements included the following: "I had tried to reach Mr. Sobranic, (sic) had not been able to, in addition I subpoenaed him to be there that morning, but had not talked to him personally." "I had not been able to talk with Mr. Sobranic (sic) after Mr. Purdy entered the case. I pretty much stopped working on it because I felt that I was being interceded, I would not be basically trying the case. I did the subpoena issued to Mr. Sobranic at the address Mr. Fleischaker mentioned, I did not talk with him." The court asked employed counsel if he located Zbranek. He answered that he did not. There is no statement by either the Public Defender or employed counsel that even intimated they did not know the evidentiary potential of Zbranek. Whether or not they knew the Prosecuting Attorney had talked with Zbranek is immaterial.

When the defendant asked to withdraw his plea of guilty, he said "I was told we can't find Mr. Zbranek no place, and he at the preliminary hearing—that way I mean, you know, cannot get a witness up here whenever you are incarcerated in jail." Later he added, "there was no way I would have pled guilty because I knew that that witness had I could have got him up there." Again, this court cannot find a statement by the defendant that he did not know the evidentiary potential of Zbranek. The whole tenor of the defendant's remarks is that he knew of that potential but thought Zbranek was unavailable as a witness. The latter assertion is belied by the fact the Prosecuting Attorney so readily found Zbranek at the Joplin address supplied by the defendant. Nor can the defendant draw solace from the non est subpoena for Zbranek. The return on the subpoena issued at Carthage claims no mileage indicating the non est return was a perfunctory return. If in fact Zbranek was unavailable as a witness, it was the duty of the defendant to comply with Rule 24.10. The failure of the state to tell a defendant of exculpatory information already within the knowledge of the defendant does not constitute suppression within the meaning of the *Brady* doctrine. Nor does the same constitute non-disclosure under Rule 25.03 requiring the imposition of a sanction such as a withdrawal of a plea of guilty.

The defendant did not establish suppression or non-disclosure requiring leave to withdraw the plea of guilty. "Here it is only reasonable and just to hold [Choate] to the bargain he made with the court and the prosecutor." *Brown v. State,* supra, at p. 804. The judgment is affirmed.

HOGAN and BILLINGS, JJ., concur.