**STATE of Missouri, Respondent,**

v.

**Ricky NEBBITT, Appellant.**

**No. 50471.**

Missouri Court of Appeals,
Eastern District,
Division Six.

April 29, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied
July 1, 1986.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Lee A. Bonine, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Upon his Alford guilty plea to selling narcotics the trial court sentenced ex-convict Ricky Nebbitt to the minimum of five years in prison.

■ After having pled guilty and before formal sentencing, defendant moved to set aside his plea. This on his alleged ground he had understood his counsel's statement about pleading guilty to mean defendant would get probation. To this the State replies, and we find, the defendant's present contention is refuted by the guilty plea record and also by testimony at the hearing on defendant's motion to withdraw his guilty plea.

The trial court filed a formal memorandum. Therein the court found: Although defendant's counsel had told defendant probation was possible, it was unlikely in view of defendant's prior convictions; that defendant was satisfied with his counsel who had not misled defendant; and that when pleading guilty defendant had not been promised probation.

In his brief defendant cites no case supporting his contention the motion court erred in finding against defendant's contention of promised probation.

■ Disposition of a motion to withdraw a previous guilty plea, made as here before sentence, rests in the trial court's discretion. *State v. Douglas,* 622 S.W.2d 28[1] (Mo.App.1981). In the closely parallel case of *State v. Lawrence,* 614 S.W.2d 1[5] (Mo.

App.1981), we upheld the motion court's denial of that defendant's motion to set aside his guilty plea.

We hold defendant failed to meet his burden to show, as he must, extraordinary circumstances showing the trial court had abused its discretion in denying defendant's challenge to his plea of guilty. *State v. McCollum*, 610 S.W.2d 81[2, 3] (Mo.App. 1980).

CRANDALL, P.J., and GARY M. GAERTNER, J., concur.