Robert Kent SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 15604.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 19, 1988.

Sidney T. Pearson III, Sp. Asst. Public Defender, St. James, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Robert Kent Smith appeals from an order of the Circuit Court of Crawford County granting a motion by the prosecuting attorney of that county to dismiss "all pending motions filed by [Smith] herein for failure to state a cause of action upon which relief can be granted." A procedural history is essential in understanding Smith's lone assignment of error.

The meager record supplied us shows that on September 25, 1978, Smith appeared in the Circuit Court of Crawford County with attorney P_____ and entered a plea of guilty in case number CR 330–77 "to the offense of stealing by deceit." [1] The circuit court's docket sheet reflects that the court suspended imposition of sentence and placed Smith on probation for three years. The docket sheet further reflects that on October 15, 1981, on motion of Smith's probation officer, the circuit court entered an order that Smith's probation "is hereby terminated."

Five years later, on October 14, 1986, Smith commenced the instant action in the Circuit Court of Crawford County by filing a document captioned "Robert Kent Smith, # 19750–044 Movant, vs State of Missouri, Respondent." [2] The document was entitled "Motion to Vacate Judgment," and stated that Smith sought to vacate the judgment in case number CR 330–77 "pursuant to Missouri Supreme Court ... Rule 98.01 et

1. A copy of the information is not included in the record on appeal. Smith's brief states the offense was "Stealing Over $150.00, a Class C Felony." That cannot possibly be correct inasmuch as The Criminal Code, which created classifications A through D for felonies, did not become effective until January 1, 1979. Laws 1977, S.B. 60, pp. 658–718. We suspect the crime to which Smith pled guilty was stealing by means of deceit, § 560.156.2, RSMo 1969.

2. A document filed by Smith in the circuit court February 23, 1987, averred he "is hampered from attending [court] because of his present Federal incarceration."

seq.[3] and/or in conjunction with Rules of Criminal Procedure, Rule 27.26." The document further stated the claim for relief was "based upon the record generated herein" and a "Brief" which was "attached hereto." The latter document consisted of four pages and averred that Smith did not knowingly and intelligently enter the plea of guilty. It itemized a multitude of alleged defects in the guilty plea proceeding, none of which pertain to the ground on which Smith relies in this appeal.

On February 23, 1987, Smith filed in the circuit court an "Amended Motion to Vacate Judgment," which averred he was seeking relief pursuant to "Missouri Rules of Criminal Procedure, Rule 29.07(d), based upon the 'Brief In Support of Motion To Vacate Judgment' that was filed before this Court on October 14, 1986." The amended motion pled no additional grounds for relief.

Rule 29.07(d), Missouri Rules of Criminal Procedure (18th ed. 1987), referred to by Smith in his amended motion, provided:

"A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Counsel was subsequently appointed by the circuit court to represent Smith.

On December 22, 1987, Smith's counsel and an assistant prosecuting attorney appeared in the circuit court and filed a stipulation providing:

"1. That the testimony of [P_____], attorney for ... Smith in ... Case CR 330–77, if he were called to testify, would testify that he had informed ... Smith, prior to the entry of plea of guilty in said CR 330–77, that at the end of the probation period on suspended imposition of sentence therein imposed, the record of said case would be 'expunged'.

2. That at the end of said probation period, Defendant having successfully completed probation, said record was placed in a locked file cabinet to which the public did not have access, but Defendant's name was not physically deleted, removed, or marked out from said file.

3. That at the end of said probation, the Defendant's name with respect to said case, was physically obliterated from the index books of cases, available to the public, through the use of 'Liquid Paper.'

4. That on or about 24 May 1985, the Circuit Clerk released information to a federal agency for purposes of prosecution & litigation on said case, as shown by Exhibit 'A' attached hereto and incorporated by reference herein."

Attached to the stipulation was a copy of a letter dated May 24, 1985, from a deputy circuit clerk to Jonathon H. Foushee, Department of the Treasury, United States Secret Service, at St. Louis. The body of the letter is set forth below.[4]

No evidence except the stipulation was presented. The prosecutor, however, filed the motion to dismiss referred to in the first paragraph of this opinion, along with a memorandum supporting the motion. The import of the prosecutor's memorandum was that Smith's request to withdraw his plea of guilty was untimely in that it came five years after he had successfully completed his period of probation and had been discharged therefrom.

The prosecutor cited the following passage from *State ex rel. Peach v. Tillman*, 615 S.W.2d 514, 518[6] (Mo.App.1981):

"Logic dictates that when the recipient of a suspended imposition of sentence

---

**3.** Rules 98.01–.06, Missouri Rules of Civil Procedure (17th ed. 1986), pertained to proceedings in *quo warranto*.

**4.** "Enclosed you will find a certified exemplified copy of the docket sheet concerning the case State of Missouri vs. Robert Kent Smith.

As the disposition of the case was an Imposition of Sentence with probation, there is no formal Judgment and Sentencing document made up. The docket entry suffices.

Also, you will notice that Mr. Smith had completed his terms of probation several years ago and was terminated. Therefore, these records are actually expunged from our books."

has complied with the terms of his probation the court may discharge him from the jurisdiction of the court so that a judgment of conviction may not thereafter be entered upon the verdict in that case."

The prosecutor maintained that if the circuit court no longer had jurisdiction to enter a judgment of conviction against Smith, the court likewise lacked jurisdiction to allow Smith to withdraw his plea of guilty.

On January 4, 1988, the circuit court, without elaboration, entered its order granting the prosecutor's motion to dismiss. This appeal followed.

Smith briefs one point; it states:

"The trial court erred in sustaining [the prosecutor's] motion to dismiss ... in that [Smith] had a right to file a motion to withdraw his plea of guilty after termination of his probation pursuant to Supreme Court Rule 29.07(d) because imposition of sentence was suspended, and he had successfully completed his term of probation."

Smith insists that the segment of Rule 29.07(d) providing that a motion to withdraw a plea of guilty may be made only "when imposition of sentence is suspended" means that such a motion may be made *anytime after* a circuit court suspends imposition of sentence. Consequently, says Smith, his motion to withdraw his plea five years after termination of his probation was timely. Smith cites no authority for his position.

While we harbor grave doubts about the validity of Smith's argument, it is unnecessary to address it in this appeal. Nowhere in Smith's original motion of October 14, 1986, or his brief of like date (which was ostensibly incorporated in the motion), or his amended motion of February 23, 1987, did he aver that his decision to plead guilty was induced by the advice of attorney P—— that the case record would be ex-

punged at the end of the probation period.[5] Furthermore, nothing in the stipulation of December 22, 1987, indicates that Smith entered the plea of guilty for such reason, therefore the rule providing for amendment of pleadings to conform to the evidence—Rule 55.33(b), Missouri Rules of Civil Procedure (18th ed. 1987)—does not supply such an averment.

This Court, in *State v. Choate*, 639 S.W. 2d 906 (Mo.App.1982), an appeal from a denial of relief under Rule 29.07(d), stated:

"If an accused is misled or induced to plead guilty by mistake, misapprehension, persuasion or the holding out of hopes which prove to be false or illfounded, he should be permitted to withdraw his plea." *Id.* at 908.

*Accord: State v. Lawrence*, 614 S.W.2d 1, 2[4] (Mo.App.1980); *State v. Nielsen*, 547 S.W.2d 153, 158[4] (Mo.App.1977).

As there was no averment in any of Smith's pleadings that his decision to plead guilty was predicated on P——'s advice regarding "expungement," it follows that Smith failed to state grounds for withdrawal of his plea under Rule 29.07(d).

Additionally, Smith failed to plead or demonstrate wherein P——'s advice was faulty. The stipulation established that after Smith completed probation the circuit clerk placed the record of case number CR 330–77 in a secured file cabinet to which the public was denied access, and obliterated Smith's name in case index books available to the public.

Smith's reason for instituting the present action is revealed in his brief. His plea of guilty was evidently utilized by the government to impeach his testimony in a "federal prosecution" in 1985.[6] Thus, what Smith is really complaining about is that P—— failed to advise him that the sequestration of the case record in CR 330–77 and the obliteration of Smith's name in the index

---

**5.** A letter from Smith to his counsel October 8, 1987, states that "total expungement" was the basis for Smith finally deciding to plead guilty. That letter, however, was not attached to any of Smith's pleadings and was never incorporated by reference in any of them. Nothing in the

record on appeal demonstrates that the letter was ever presented to, or considered by, the circuit court.

**6.** The source of this information was apparently the letter referred to in footnote 5.

books would not bar a United States prosecutor from using the plea to attack Smith's credibility in a federal prosecution. There is clearly no allegation anywhere in Smith's pleadings that he would have refused to plead guilty had he known that could be done.

We therefore hold that Smith's pleadings, in the aggregate, failed to allege grounds authorizing relief under Rule 29.-07(d). The circuit court's order granting the prosecutor's motion to dismiss for failure to state a cause of action was consequently correct.

JUDGMENT AFFIRMED.

HOLSTEIN, C.J., and GREENE, J., concur.