**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Ruth MANDEL, Defendant/Appellant.**

**No. 59122.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 20, 1991.

Padberg, McSweeney, Slater & Merz, Dennis F. Nalick, Alton, Ill., for defendant-appellant.

Robert McCulloch, Pros. Atty., Joan Moriarty, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals denial of her post-sentencing Motion to Withdraw Plea of Guilty. Rule 29.07(d). The state charged defendant, Ruth Mandel, with a class A misdemeanor of harassment. Section 565.090 RSMo 1986. The case was set for trial on April 5, 1990. On that day, defendant entered a plea of guilty. On May 17, 1990, the court sentenced defendant to serve a term of ninety days in the custody of Justice Services, work release granted. The sentence was to begin on Saturday, May 26, 1990. On May 23, 1990, defendant filed a motion to withdraw the plea. On May 25, 1990, the court amended the beginning date for service of sentence to September 1, 1990, and defendant dismissed the Motion to Withdraw Plea of Guilty. On September 18, 1990, defendant filed a second Motion to withdraw Plea of Guilty. On September 28, 1990, the court heard evidence on the motion. On October 12, 1990, it denied defendant's motion. Defendant appeals denial. We remand.

## DENIAL OF MOTION

The narrow question is whether the defendant offered a plea of guilty based upon her understanding of a plea agreement and was prejudiced by a violation of the agreement. The findings of the trial court are not responsive to all the issues presented by defendant's motion. Defendant alleged and offered evidence to support a finding there was a plea agreement that the state would not take a position on sentencing; it would make an open recommendation. The state agrees there was an agreement but the terms were different. The state claims it agreed to a blind plea which means defendant pleads against the state's recommendation. The court's order does not clarify the confusion.

On October 1, 1990, the court denied defendant's Motion to Withdraw Plea and issued the following order:

Upon hearing upon defendant's motion to set aside her plea of guilty the court finds defendant knowingly and voluntarily entered her plea of guilty. The court further notes that while the defendant through her attorney(s) and the prosecutor discussed their understandings of open recommendations, blind pleas and pleading against recommendations that the court understood it was not bound by one plea agreement and sentenced defendant based upon what it considered appropriate. Defendant motion to withdraw set plea is denied.

The court's finding that the plea was knowingly and voluntarily entered into, *see* Rule 24.02(c), does not satisfy the mandatory requirements of Rule 24.02(d) when a defendant's plea of guilty to a misdemeanor or a felony involves a plea agreement. Rule 24.02(d)(2) requires:

If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report.

Subsection 3. Acceptance of a Plea Agreement. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

Subsection 4. Rejection of the Plea Agreement. If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agree-

ment, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The existence of a plea agreement and a subsequent plea of guilty relying on the agreement will support a plea only if the requirements of Rule 24.02(d)(2) are met. If the court complies with Rule 24.02(d), the terms of the agreement should be disclosed to the court and accepted by the court. If disclosed and rejected, the rule requires an opportunity to withdraw the plea.

There is no dispute between defendant, defendant's counsel and the prosecuting attorney that there were negotiations and a plea agreement. Defendant and defendant's counsel remember the agreement to require the state to make an open recommendation. Prosecuting attorney denies an agreement to make an open recommendation but remembers an agreement defendant would enter a "blind plea" and the state could make a sentence recommendation. The trial court made no findings about the existence of a plea agreement as alleged in the Motion to Withdraw the Guilty Plea. Nor is there a finding that the court complied with the requirements of Rule 24.02(d) regarding the acceptance of a negotiated plea of guilty with the right to withdraw the plea if not accepted by the court.

The court, in its order, ignores the issue of the existence of a plea agreement. The issue is briefly mentioned when the court recognized the two parties apparently have a different understanding of the plea terminology. The court then states it is not bound by the plea agreement in sentencing. It is irrelevant that the sentence determined by the court is based on what the court considered appropriate without reference to a plea agreement. It is irrelevant because the court must first determine that the plea agreement is acceptable to the court so that it will be followed or unacceptable so that the court may so advise

the defendant "personally in open court" and offer an opportunity to withdraw the plea. If the rule was followed and the plea withdrawn defendant would have been entitled to a jury trial on both issues of guilt and punishment. The court has not decided whether the plea agreement and the required plea agreement procedure were honored.

There remains a question of whether defendant was prejudiced if the court failed to require disclosure of the plea agreement in open court before the court accepted or rejected the agreement or deferred a decision. The parties agree there is no record of the plea hearing. If the requirements of Rule 24.02(d) were followed it is unlikely the parties would now remember the terms of the plea agreement differently. However, the prejudice must be determined on the basis of whether the defendant would have entered a plea of guilty if the provisions of Rule 24.02(d) had been followed. If the plea of guilty would not have been entered in the absence of a mutually understood agreement then defendant is prejudiced by not allowing her to withdraw the plea of guilty and have a jury trial. If defendant would have entered, or did enter, the guilty plea knowing the terms of the agreement were as remembered by the prosecuting attorney there was no prejudice. The trial court must make findings of fact on these issues. It has not done so. The ruling does not dispose of all disputed issues. It is not a final judgment from which an appeal will lie. Section 512.020 RSMo 1986.

We remand for further proceedings.

SMITH, P.J., and AHRENS, J., concur.