**STATE of Missouri, Respondent,**

v.

**Ruth E. MANDEL, Appellant.**

**No. 60891.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 8, 1992.

---

Dennis F. Nalick, Alton, Ill., for appellant.

Joan L. Moriarty, Asst. Pros. Atty., Clayton, for respondent.

SIMON, Judge.

Defendant, Ruth Mandel, appeals the denial of her post-sentence Motion to Withdraw Plea of Guilty under Rule 29.07. The state, by information, charged her with the class A misdemeanor of harassment, § 565.090 RSMo.1986. The case was set for trial on April 5, 1990. On that day, defendant entered a plea of guilty and she and her attorney signed the plea form. A pre-sentence investigation report was ordered, and sentencing was deferred to May 17, 1990. On that day, defendant was sentenced to serve a term of ninety days in the custody of Justice Services, work release granted, with the sentence to begin on Saturday, May 26, 1990. On May 23, 1990, defendant filed a Motion to Withdraw Plea of Guilty. On May 25, 1990, the court amended the beginning date for service of sentence to September 1, 1990, and defendant dismissed her Motion to Withdraw Plea of Guilty. On September 18, 1990, defendant filed a second Motion to Withdraw Plea of Guilty. On September 28, 1990, the court heard evidence on the motion and on October 12, 1990, defendant's motion was denied and she appealed. In *State v. Mandel*, 814 S.W.2d 16 (Mo.App. 1991) (*Mandel I*), we remanded the cause for the trial court to make certain findings, in particular: "If the plea of guilty would not have been entered in the absence of a mutually understood agreement then defendant is prejudiced by not allowing her to withdraw the plea of guilty and have a jury trial. If defendant would have entered, or did enter, the guilty plea knowing the terms of the agreement were as remembered by the prosecuting attorney there was no prejudice." *Id.*, at 18.

Upon remand, and after a hearing at which no further evidence was presented, the trial court issued a five page order providing, in pertinent part:

The defendant and the state offered no further evidence. The court recalls that on the trial date of 4/5/90 after the state announced ready the defendant tendered a plea of guilty to the offense of Harassment, a Class A Misdemeanor. The court then asked the prosecutor if the state had a recommendation. The state then recommended 1 year in jail and a $1000 dollar fine. The defendant's attorney then said he understood that the state would make an open recommendation.

The state then responded with it was her understanding that the defendant was going to plead against the recommendation.

There was some further discussion between the prosecutor and the defendant's attorney generally reiterating the preceding. The court then told the defendant, the defendant's attorney and the prosecutor that it had not accepted the plea of guilty and since there was no agreement on the sentence that the parties should

proceed to trial. There was some conversation between the defendant's attorney and the defendant. Thereafter defendant's attorney announced that the defendant did not want a trial and that the defendant would plead guilty to the charged offense, against the state's recommendation and rely upon the court's "good judgment."

The court then asked the defendant, who had been present at the bench the entire time, if this is what she wanted to do, and she responded with yes. The court then accepted the plea of guilty and ordered a pre-sentence investigation with sentencing continued until 5/17/90 for a return of the pre-sentence. ...

That court finds that at the time the plea of guilty was accepted there was no plea agreement. The defendant and her attorney knew there was no agreement. That the defendant entered her plea of guilty knowing she was doing so against the recommendation of the prosecutor's office and asking the court to not follow said recommendation in sentencing. That the court before accepting defendant's plea offered the defendant the right to withdraw her plea and proceed to trial, but that the defendant after conferring with her attorney voluntarily and knowingly entered a plea of guilty in spite of the state's recommendation. That there was no prejudice to defendant. Motion to withdraw guilty plea denied.

On appeal, defendant essentially contends that the trial court erred in: (1) accepting defendant's plea of guilty without advising her pursuant to Rule 24.02(b), and insuring her plea was voluntary pursuant to Rule 24.02(c); and (2) failing to follow the plea agreement procedure required by Rule 24.02(d). We affirm.

■■■ A guilty plea may not be withdrawn as a matter of right. *State v. Choate*, 639 S.W.2d 906, 908[1] (Mo.App. 1982). Whether such a withdrawal shall be permitted is within the sound discretion of the trial court. *Id.* After sentence has been imposed, withdrawal of a guilty plea will be allowed only upon a showing that it

is necessary "to correct manifest injustice". Rule 29.07(d); *State v. Hasnan*, 806 S.W.2d 54, 55[1] (Mo.App.1991). Defendant has the burden of proof to establish, by a preponderance of the evidence, error in the trial court's ruling. *Id.* In consideration of whether defendant's burden has been met, the trial court weighs the evidence, determining the credibility of the witnesses. *Choate*, at 908[3]. Appellate review of the action of the trial court is limited to a determination of whether the decision of the trial court was clearly erroneous or whether there was an abuse of discretion. *Id.*

The parties agree that there is no record of the plea hearing. *Mandel I*, at 18. In *State v. Davis*, 438 S.W.2d 232 (Mo.1969) our Supreme Court was faced with a similar situation where a record of the guilty plea proceeding was not available. In that case, defendant made a motion to withdraw his guilty plea and set aside the judgment of conviction and sentence under Rule 27.25 (now Rule 29.07(d). *See, State v. Ryan*, 813 S.W.2d 898, 900–901[1] (Mo.App. 1991)). In *Davis*, at 234, defendant claimed that the trial court, in its perfunctory examination of the defendant at the time of his arraignment and plea, did not comply with Rule 25.04 which required the court to determine that defendant's plea was made voluntarily and with understanding of the nature of the charge, essentially the same determination required by our current Rules 24.02(b) and 24.02(c). Our Supreme Court held that regardless of the record made at the time the plea was entered, the issues before the court on a motion to vacate and withdraw a plea of guilty are whether the plea was in fact voluntarily made and with an understanding of the nature of the charge; and in determining the factual issues the court is clothed with the discretion ordinarily exercised by a trial court when acting as a trier of facts. *Id.*, at 235[5–7]. In the absence of a transcript or the notes of the court reporter, the trial court must determine from the evidence otherwise adduced whether the defendant has sustained his burden of showing that he is entitled to the relief sought. *Id.*

■ Here, we initially address defendant's contentions under Rules 24.02(b) and 24.02(c), that the trial court erred in accepting her guilty plea without first inquiring of her in open court whether 1) she understood the rights she was waiving and the implications of a plea of guilty; 2) her plea was voluntary, and not the result of force or threats or promises apart from the plea agreement; 3) her willingness to plead guilty resulted from prior discussions between the prosecuting attorney and the defendant and her attorney; or 4) she had been misled by any misrepresentations tending to render her plea involuntary.

The record shows that at the hearing on the Motion to Withdraw Guilty Plea, defendant presented no evidence to support her contention that the trial court failed to follow the mandates of Rules 24.02(b) and 24.02(c). Defendant and her attorney testified that there was an agreement between defense counsel and the prosecutor that defendant would plead guilty and the prosecutor would make an open recommendation upon defendant's plea. This testimony was designed to establish that a plea agreement on defendant's terms had been reached, and that defendant pleaded guilty pursuant to that agreement. Defendant presented no testimony, nor any other evidence, of the trial court's failure to advise and inquire of defendant pursuant to Rules 24.02(b) and 24.02(c). Neither defendant's motion nor her appellate brief cites to any source of evidence to support her claim. The trial court recalled that it told defendant's attorney and defendant that it appeared there was no plea agreement and they should proceed to trial, but that defendant and her attorney stated they did not want a trial and were going to plead against the recommendation of the prosecutor. It is clear upon the record that defendant failed to meet her burden of establishing the basis upon which she sought to withdraw her plea of guilty, i.e., that the court did not follow the mandates of Rules 24.02(b) and 24.02(c). Therefore, we cannot say the trial court was clearly erroneous in denying her motion.

■ Defendant also claims error in the trial court's refusal to allow her to withdraw her guilty plea on the basis of the court's failure to follow the plea agreement procedure of Rule 24.02(d). Specifically, defendant claims that the trial court, knowing of a plea agreement, 1) failed to require disclosure of the agreement in open court when the plea was offered, Rule 24.02(d)(2); 2) rejected the plea agreement and failed to advise defendant of its decision in open court to allow her to withdraw her guilty plea, Rule 24.02(d)(4); and 3) failed to advise defendant, in accordance with Rule 24.02(d)(4), that if she persisted in the guilty plea the sentence received may be less favorable than the rejected plea agreement.

As noted, defendant and her attorney testified there was an agreement that defendant would plead guilty, and that the prosecutor would make an open recommendation. They also testified that defendant's decision to plead guilty was based on this agreement. The prosecutor testified that there was no agreement on defendant's terms, that the prosecution's position was at all times to recommend one year in jail and a $1000 fine (the maximum penalty for a Class A Misdemeanor under §§ 558.011.1(5) and 560.016 RSMo.1986), that the prosecution at no time promised not to state its recommendation on the record, and that the prosecutor believed defendant was pleading blind against the recommendation which the prosecution would make to the court.

In *Mandel I,* at 18, we found that "There is no dispute between defendant, defendant's counsel and the prosecuting attorney that there were negotiations and a plea agreement. Defendant and defendant's counsel remember the agreement to require the state to make an open recommendation. Prosecuting attorney denies an agreement to make an open recommendation but remembers an agreement defendant would enter a 'blind plea' and the state could make a sentence recommendation." It is clear that the testimony of the parties is conflicting. The conflicting testimony in the record clearly indicates that there was no meeting of the minds between

the parties, and the trial court's findings indicate that the parties did not reach a plea agreement.

After hearing the conflicting evidence presented at the hearing on the motion and recalling the testimony at the hearing upon remand, the trial court found that there was no plea agreement, defendant knew there was no agreement, and that defendant voluntarily and knowingly entered her plea against the recommendation of the prosecutor. Defendant has failed to meet her burden of establishing, by a preponderance of the evidence, that an agreement was made and not adhered to. Thus, based on the evidence presented by the parties in the record before us, we cannot say the trial court's finding is clearly erroneous.

Regarding defendant's claims under Rule 24.02(d), Rule 24.02(d)(2) provides the required procedure for when a plea agreement has been reached, and Rule 24.-02(d)(4) provides the required procedure for when that plea agreement has been rejected by the trial court. Here, the trial court found that there was no plea agreement, so the procedures of Rule 24.02(d) were therefore not necessary. We can find no error on the part of the trial court in failing to follow procedures not required.

█ In any event, under either defendant's or the prosecutor's understanding of a plea agreement, defendant was facing the entire range of punishment which the offense carried, i.e., one year in jail and a $1000 fine. At the hearing on the Motion to Withdraw Guilty Plea defendant testified she understood that she faced the full statutory range of punishment even under the agreement as she and her attorney understood it. She was sentenced to ninety days with work release granted, far less than the maximum.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J. concur.