**STATE of Missouri, Respondent,**

v.

**Phillip ZITO, Appellant.**

**No. WD 30671.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

Motion for Rehearing and/or Transfer Denied March 3, 1980.

Application to Transfer Denied April 8, 1980.

Deborah L. Steelman, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Judge.

Appellant Zito is now in the custody of the Missouri Division of Corrections serving concurrent sentences of seven years imposed after he pled guilty to two counts of sales of controlled substances. Although the case reaches this court under a notice of appeal from the judgment and sentence so imposed, the nature and import of the appeal as gleaned from the brief and argument is less readily identified.

■ The scope of review following a guilty plea is restricted to questions of jurisdiction of the subject matter and the sufficiency of the charge. *State v. LePage*, 536 S.W.2d 834 (Mo.App.1976). Here, however, Zito does not contend that the court lacked jurisdiction over his person or of the offense charged nor does he challenge the grand jury indictment under which he was prosecuted. Rather, he contends that the trial court erred in denying his request to withdraw his pleas of guilty and in failing to enter findings of fact and conclusions of law. The latitude which, in the interests of judicial economy, may be extended in considering these questions is, at the outset, limited by the nature of the case as a direct criminal appeal.

Leave was granted to file notice of appeal in this case out of time pursuant to Rule 81.07(a) upon Zito's pro se motion. There he alleged that by reason of inaccurate information contained in a presentence investigation report, the prospective effect

of which was to affect his sentence unfavorably, he moved to withdraw his pleas of guilty. The motion was, according to Zito, denied. His attorney had failed to lodge an appeal from that ruling, although instructed by Zito to do so, and he sought leave to appeal out of time. As briefed and argued here, the essential point is the abuse of the trial court's discretion in refusing to permit Zito to withdraw his pleas before imposition of sentence. The difficulty with this contention is that the transcript fails to disclose any motion or request by Zito either orally or in writing to withdraw his pleas and, consequently, no ruling by the court which is susceptible of review.

According to the transcript, Zito entered pleas to the charges on April 19, 1978. At the hearing then conducted, he confirmed that neither threats nor promises had induced the pleas and acknowledged his understanding that final sentencing authority rested solely in the discretion of the court. The details of plea bargaining were explored. Such were recognized on the record to be limited to an agreement that the court would consider a report of a pre-sentence investigation before imposing sentence and that the sentence to be recommended by the state would be seven years.

On July 7, 1978, Zito appeared for sentencing. He was accompanied by a different attorney from the lawyer who attended the guilty plea hearing, although both were from the same firm. From comments by the court, it is apparent the pre-sentence report (not included in the record on appeal) was unfavorable and recommended incarceration. It may be inferred that neither Zito nor his attorney was aware of the report's contents earlier and that Zito was dismayed that his hope for a lenient sentence would be unfulfilled. A dialogue then followed in which Zito informed the court of a conversation with his other attorney the previous week and the attorney's suggestion to him of "a possible chance that I might be able to withdraw that plea" if the pre-sentence report were unfavorable. The court responded that any expectation by Zito or his lawyer for a favorable report was unrealistic, a situation which apparently resulted from disclosure in the report of Zito's past offense record and failure in prior rehabilitation opportunities.

During the foregoing exchange, which at most was an inquiry by Zito as to his lawyer's advice about withdrawal of the pleas, no motion or request for that relief was made by Zito and his lawyer, when asked about the matter, stated that he had nothing to say. Additionally, Zito made no challenge to any facts related in the pre-sentence report and made no request for an opportunity to offer any evidence contrary to the report or in connection with any other aspect of the pleas and sentencing.

Rule 27.25 provides that a motion may be made to withdraw a guilty plea before imposition of sentence. After sentence, the court may permit withdrawal of the plea to correct manifest injustice. While an application pursuant to this rule after imposition of sentence is governed by the same procedure applicable to a motion under Rule 27.26, *Bradley v. State*, 564 S.W.2d 940 (Mo.App.1978), no similar procedure is applicable where the motion precedes imposition of sentence. The rule does not permit a defendant to withdraw his plea as a matter of right. *Winford v. State*, 485 S.W.2d 43 (Mo. banc 1972). The decision of the trial court on a motion to withdraw a plea before sentence is one resting in the sound discretion of the court to be reversed only for an abuse of that discretion. *State v. Nielson*, 547 S.W.2d 153, 159 (Mo.App.1977).

If it be assumed here that Zito's oblique inquiry as to his conversation with his attorney may be elevated to the level of a motion to withdraw the earlier pleas, no abuse of discretion can be found in the failure of the trial court to entertain the request and permit withdrawal of the pleas. Zito's only claim to relief is that his pleas were conditioned upon his understanding that they could be withdrawn if the pre-sentence report was unfavorable. The record dispels any possibility that Zito could have labored under any such misunderstanding.

As was noted above, careful inquiry was made of Zito prior to acceptance of his plea as to any promises or representations regarding the term of sentence ultimately to be imposed. He disclaimed reliance on any preconditions other than the state's recommendation of seven years and the consideration by the court of the facts to be developed by investigation of his personal history and attitudes. No suggestion is contained in this record of any reservation of the opportunity to withdraw the pleas on any contingency.

Even were it to be contended that Zito relied on some representation by his attorney that the pleas could be withdrawn, it is also apparent from Zito's own statements that his conversation with the lawyer on the subject was long after the pleas had been accepted by the court. It therefore follows that such misunderstanding could not have influenced Zito's decision to plead and could not have affected the voluntary and knowledgeable character of the pleas.

Despite according Zito the benefit of favorable assumptions necessary to overcome the procedural problems of this case, he is nonetheless entitled to no relief. Neither abuse of the trial court's discretion nor manifest injustice is present on this record. Absent these conditions, it necessarily follows that the trial court did not err in omitting to enter findings of fact and conclusions of law.

The judgment and sentence are affirmed.

All concur.