STATE of Missouri,
Plaintiff-Respondent,

v.

Norman Eugene DOUGLAS,
Defendant-Appellant.

No. WD 32273.

Missouri Court of Appeals,
Western District.

Sept. 15, 1981.

Harvey A. Hoffman, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before TURNAGE, P. J., and CLARK and LOWENSTEIN, JJ.

CLARK, Judge.

Norman Eugene Douglas was jury tried and convicted of first degree assault and sentenced to a term of seventeen years. He now appeals contending in a single point that the trial court lacked jurisdiction to try the case because his plea of guilty entered earlier in the case was ordered withdrawn in error by the court. Affirmed.

The sole issue on this appeal relates to the procedural history of the case before trial, thus eliminating the necessity for recitation of the evidence supporting the verdict. Suffice it to say that the jury was entitled to find that Douglas perpetrated an unprovoked assault on one Buxton by striking him on the head with a shotgun and by repeatedly kicking the victim in the head as he lay unconscious.

The original charge against Douglas was the same as that for which he was eventually convicted. When the case was first called for trial on June 23, 1980, however, an apparent plea bargain had been struck and by amended information the state reduced the charge to second degree assault. A guilty plea hearing was then conducted at which time Douglas expressed some equivocation as to whether he had decided upon a guilty plea. Additional questioning tended to resolve the doubt, the court accepted the plea and sentencing was deferred pending a presentence investigation.

Throughout the proceedings, Douglas was evidently unable to furnish bond in the amount set and on July 7, 1980, he appeared before the same judge for presentation of a motion seeking reduction of the bond. The subject matter of Douglas' testimony at that hearing strayed from the bond issue and returned to the subject of the guilty plea and Douglas' dissatisfaction with his attorney. Douglas accused his attorney of lying to him and indicated that questionable advice from the attorney had motivated him, at least in part, to plead guilty. The court, on its own motion, thereupon set the guilty plea aside, entered a plea of not guilty and ordered the case set for trial. The state, with leave, refiled the original information reinstating the charge of first degree assault.

Douglas contends now that the court was not entitled to withdraw its acceptance of a guilty plea except "in extraordinary circumstances upon a showing of manifest injustice by a preponderance of the evidence." In support of this proposition he cites several cases of which State v. Zito, 595 S.W.2d 383 (Mo.App. 1980) is representative.

The authorities on which Douglas relies are inappropriate to the situation in this case and, moreover, they do not stand for the general propositions which Douglas asserts. In Zito, it was held that the standard of manifest injustice applies where withdrawal of a guilty plea is attempted after imposition of sentence. Before sentence, disposition of a motion to withdraw a plea rests in the sound discretion of the court reviewable on appeal for abuse. State v. Nielsen, 547 S.W.2d 153, 159 (Mo. App. 1977).

Each of the cases Douglas cites involved an affirmative attempt by the defendant to withdraw his plea. Here, however, Douglas contends that he had no intention that his plea be withdrawn. Rather, his argument tends to suggest that he had acquired some vested right to the plea once it had been accepted by the court, and that he could not be involuntarily deprived of the benefit of his plea except in extraordinary circumstances.

The initial difficulty with the complaint Douglas now makes is that his objection to withdrawal of the guilty plea was first made in his motion for new trial at

which point, of course, the jury verdict with sentence recommendation had been returned. The question of error in withdrawal of the guilty plea has not been preserved for appellate review because the point in the motion for new trial and in the brief must be based on objections made and reasons assigned at the time error occurs. *State v. Thomas*, 452 S.W.2d 160, 164 (Mo. 1970). The failure of Douglas to object at any point during trial to the action of the court in rejecting the earlier plea and his failure at any time thereafter to enter a plea of guilty until after the jury verdict was returned authorize summary disposition of the point as neither raised nor preserved.

In the interests of final disposition of the case, however, we have reviewed the issue and find the contention to be without merit.

In *State v. Meaney*, 563 S.W.2d 117 (Mo.App.1978), a case of similar facts, this court pointed out that an accused has no absolute or constitutional right to have a guilty plea accepted. Indeed, a trial court has no obligation to accept every constitutionally valid guilty plea merely because a defendant wishes to so plead. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 168, 27 L.Ed.2d 162 (1970). A fortiori, a defendant acquires no protected interest in a guilty plea accepted pending further proceedings in the case if subsequent developments indicate that either the court or the defendant erred in some material aspect of the initial plea tender and acceptance. Thus, Rule 29.07(d) describes procedures for withdrawal of guilty pleas both before and after imposition of sentence assuming, however, initiation of the withdrawal by the defendant.

The admonition of Rule 24.02(c) that a trial court not accept a guilty plea unless it is determined to be voluntary necessarily imposes on the trial court a continuing duty throughout criminal proceedings remaining under the trial court's control to remedy an error on disclosure of additional facts or circumstances. While withdrawal of a guilty plea at the initiative of the court is not expressly provided in a counterface to

Rule 29.07(d), the obligation of the court to receive only pleas made knowingly and voluntarily infers this authority without more.

In determining whether a guilty plea is made voluntarily, the trial court has the same discretion as when acting as a trier of the facts. *Yates v. State*, 528 S.W.2d 168, 170 (Mo.App.1975). Appellate review of action taken on withdrawal of a guilty plea is limited to a determination of whether the trial court's ruling is an abuse of discretion. *State v. McCollum*, 610 S.W.2d 81 (Mo.App.1980). Here, at the initial plea hearing, Douglas had expressed uncertainty as to whether he wanted to plead guilty, although he later affirmed his decision to do so. His statements at the subsequent hearing renewed doubt that he had made a voluntary choice, particularly when he charged that his attorney had been untruthful in matters of a potential defense. The record not only fails to demonstrate any abuse of discretion, but would have served as a vehicle for Douglas to later challenge his plea on the ground that his lawyer had misled him and that the trial court had been so informed but had failed to act. No error was committed when Douglas' plea of not guilty was reinstated.

The judgment is affirmed.

All concur.