**STATE of Missouri, Respondent,**

v.

**Major Carter DEWEESE, Jr., Appellant.**

**No. WD 59876.**

Missouri Court of Appeals, Western District.

July 16, 2002.

Sarah Weber Patel, Asst. Public Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sara L. Trower, Asst. Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Major Carter DeWeese, Jr., appeals his conviction for felony driving while intoxicated following a jury trial. He claims that the circuit court erred in admitting the arresting officer's testimony about the horizontal gaze nystagmus test because, he asserts, the state did not establish that the officer had proper training on how to administer and to interpret the test. DeWeese did not object to the arresting officer's testimony; therefore, he did not preserve this issue for our review. Because DeWeese did not object, he asks us

to review this issue for plain error. We decline to review for plain error.

Rule 30.20 grants us authority to consider "plain errors affecting substantial rights ... when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. "The rule presents a conundrum. It grants us authority to review plain error only if we find manifest injustice or a miscarriage of justice, but making a finding of manifest injustice or a miscarriage of justice seems tantamount to review." *State v. Bozarth*, 51 S.W.3d 179, 181 (Mo.App.2001).

The Supreme Court suggested in *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995), that it intended for Rule 30.20 to mean that we should first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. "Only then should we review the claim to determine whether manifest injustice or a miscarriage of justice actually occurred." *Bozarth*, 51 S.W.3d at 181. If we find that the claim of plain error does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred, we should decline to exercise our discretion to review a claim of error under Rule 30.20. *Brown*, 902 S.W.2d at 284. "The rule makes it clear that not all prejudicial error—that is, reversible error—can be deemed plain error." *State v. Dowell*, 25 S.W.3d 594, 606 (Mo.App.2000). Plain error is evident, obvious and clear error. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992).

We do not discern from the face of this record evident, obvious and clear error. Nothing in the record suggests that the arresting officer may not have had sufficient training in administering and in interpreting the horizontal gaze nystagmus test; therefore, we decline DeWeese's request to review the matter under Rule 30.20 and affirm the circuit court's judgment.

ROBERT G. ULRICH, Presiding Judge, and EDWIN H. SMITH, Judge, concur.