**STATE of Missouri, Respondent,**

v.

**William C. CREAMER, Appellant.**

**No. WD 63334.**

Missouri Court of Appeals,
Western District.

May 10, 2005.

Ruth Sanders, Appellate Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels and Richard Starnes, Office of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

William Creamer appeals his conviction after jury trial of assault in the first-degree. He contends that the trial court plainly erred when it *sua sponte* set aside his previously accepted guilty plea to the reduced charge of second-degree assault based on statements he made in a pre-sentencing investigation (PSI) report. We agree, reverse his conviction for the offense of first-degree assault, and remand

for sentencing on his guilty plea to second-degree assault.

## Factual and Procedural Background

Creamer was originally indicted with the separate and unrelated offenses of first-degree assault and second-degree robbery. A plea agreement was reached which, in relevant part, would reduce the assault charge to the offense of assault in the second degree and he would plead guilty to attempted robbery. An amended information was filed prior to the plea hearing on March 3, 2003, in accordance with that agreement. The only other part of the plea agreement was that the sentences would run concurrently with each other but that the plea judge[1] would have no restrictions regarding the available range of sentencing for either charge.

The robbery charge was resolved by a conventional guilty plea, while the assault charge plea was conducted as an *Alford* plea.[2] Creamer admitted that, based upon the evidence the State could adduce, a jury could convict him of the more serious offense of assault in the first degree. He further testified that, based upon that risk, he believed that it was in his best interests to accept the offered plea agreement to the reduced charge of second-degree assault. At the conclusion of the plea proceedings, the trial court accepted Creamer's pleas to both offenses without qualification and ordered the case set for sentencing on April 3, 2003. It also entered an order adjudging Creamer to be guilty of the crimes and ordering a pre-sentence investigation.

Creamer made statements to the official conducting the pre-sentence investigation that he did not commit either offense. During the sentencing hearing on April 3, the trial court *sua sponte* set aside Creamer's guilty pleas to both the assault and robbery charges, stating:

> I ordered a Presentence Investigation[.] I'e received that Presentence Investigation and in reviewing that investigation[,] you have taken the position adamantly with the probation officer who wrote this report that you are not guilty of either of these offenses.
>
> In view of that position, this court is not willing to accept your pleas of guilty on either of these charges. If you are contending that you are not guilty, you have the right to present that contention to either a jury of 12 people or to the Court in a trial where the State will be required to prove evidence that you are guilty beyond a reasonable doubt, and I am going to decline to accept a plea of guilty under these circumstances.

The State indicated on the record that it intended to file an amended information recharging Creamer with assault in the first degree. However, the State neither filed an amended information nor dismissed the information previously filed as part of the plea agreement. The trial for first-degree assault, therefore, took place with the last charging instrument being for second-degree assault.[3]

The robbery charge was subsequently dismissed and Creamer proceeded to trial solely on the charge of first-degree assault. He was found guilty of that offense, and was subsequently sentenced to a term of

---

1. The pleas judge was not the trial judge in this matter.

2. An *Alford* plea was made necessary as Creamer could not admit guilt as he was apparently unwilling to relinquish his claim that the assault was made in self-defense.

3. That situation forms the basis for one of Creamer's other claims of error on appeal. We do not reach that issue.

ten years' imprisonment. This appeal follows.

## Discussion

█ Creamer presents four points on appeal. We find his second point to be dispositive. In that point on appeal, Creamer argues that the trial court plainly erred by setting aside his guilty plea to the offense of assault in the second degree, *sua sponte,* based upon statements that he did not commit either offense and that were made after acceptance of his plea and which were incorporated into the pre-sentence investigation report.

█ While Creamer raised this issue in his motion for new trial, he failed to bring a contemporaneous objection at the hearing on April 3 during which the court set his guilty plea aside. Thus, the issue has not been properly preserved for appeal, and we may reverse only if the trial court's actions constituted plain error. *State v. Pennington,* 24 S.W.3d 185, 188 (Mo.App. 2000). Pursuant to Rule 30.20, we may grant review for plain error if we find that the error resulted in a manifest injustice or a miscarriage of justice. *See State v. DeWeese,* 79 S.W.3d 456, 457 (Mo.App. 2002).

█ Recitation of some basic principles relating to guilty pleas helps illuminate the issue. A defendant has no constitutional right to have his guilty pleas accepted. *State v. Cotton,* 621 S.W.2d 296, 301 (Mo.App.1981); *State v. Banks,* 135 S.W.3d 497, 500 (Mo.App.2004). For this reason, it is well settled that a trial court may exercise its sound discretion to reject a guilty plea. *State v. Copeland,* 928 S.W.2d 828, 840 (Mo. banc 1996). Nor is the court required to accept a plea bargain. *State v. DeClue,* 805 S.W.2d 253, 256 (Mo.App.1991).[4]

█ The general requirements of a plea are that it be knowing and voluntary and that a sufficient factual basis be shown on the record to show guilt of the crime charged. *Daniels v. State,* 70 S.W.3d 457, 461 (Mo.App.2002). The defendant, however, need not establish that factual basis. In fact, a defendant who protests his innocence may still enter a valid guilty plea if done knowingly and voluntarily. *State v. Hunter,* 840 S.W.2d 850, 864 (Mo. banc 1992).

█ Once a defendant has made a guilty plea, he may seek its withdrawal before sentencing under Rule 29.07(d) and after sentencing only under Rule 24.035.[5] A defendant may withdraw a guilty plea only after acceptance and before sentencing by persuading the court that the plea was involuntary. *Moore v. State,* 853 S.W.2d 378, 380 (Mo.App.1993). Mere change of heart or sudden protestations of innocence are not enough. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court approved the acceptance of a plea of guilty from a defendant who is unwilling or unable to admit participation in acts constituting the crime charged so long as the plea is knowingly and volun-

---

4. If the plea agreement is rejected, the trial court must inform the defendant and the State that it will not be bound by the agreement, permit the defendant an opportunity to withdraw his plea, and advise the defendant that, if he persists in his plea, the outcome may be more unfavorable than would have been possible under the plea agreement. Rule 24.02(d)(4). We leave for another discussion the question of whether the State has a reciprocal right to back out of a plea agreement if the plea court rejects its terms.

5. The court is also empowered, when necessary to correct a manifest injustice, to set aside a judgment of conviction previously entered and allow a defendant to withdraw his guilty plea. Rule 29.07(d).

tarily entered and is supported by a strong factual basis. *Scroggins v. State,* 859 S.W.2d 704, 705 n. 2 (Mo.App.1993).

A court is no more required to accept an *Alford* plea than it is any other guilty plea. Nor is an *Alford* plea treated differently than a guilty plea where the accused admits the commission of the crime charged. *Wilson v. State,* 813 S.W.2d 833, 843 (Mo. banc 1991).

### Significance of Acceptance of a Guilty Plea

Acceptance of the guilty plea typically occurs at the conclusion of the plea proceeding.[6] Acceptance of the plea carries legal significance. First and foremost, the acceptance of a guilty plea waives all affirmative defenses and non-jurisdictional defenses the defendant could raise. *See Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992) (quoting *State v. Cody,* 525 S.W.2d 333, 335 (Mo. banc 1975), *overruled on other grounds by State v. Heslop,* 842 S.W.2d 72, 74 (Mo. banc 1992)); *Geren v. State,* 473 S.W.2d 704, 707 (Mo.1971) (citing collected cases).

Up until acceptance of the guilty plea by the trial court, a defendant has unfettered latitude to withdraw his plea. Likewise, the trial court has virtually unlimited discretion prior to acceptance of the plea to refuse any plea of guilty outright or to reject any plea bargain between the State and the defendant. Acceptance of the plea, however, also places limits upon the trial court's ability to set aside the plea.

Although this court has previously reasoned that "a defendant acquires no protected interest in a guilty plea accepted pending further proceedings in the case if subsequent developments indicate that either the court or the defendant erred in some material aspect of the initial plea tender and acceptance," *State v. Douglas,* 622 S.W.2d 28, 30 (Mo.App.1981), that statement is necessarily tempered by the double jeopardy doctrine. Double jeopardy attaches upon the unqualified acceptance of a guilty plea. *Peiffer v. State,* 88 S.W.3d 439, 444 (Mo. banc 2002). This limits the circumstances under which a guilty plea may be properly set aside and the defendant subjected to trial for an offense. *See id.* at 445. Normally, the defendant initiates withdrawal of a guilty plea. The grounds under which a defendant can seek to have his guilty plea withdrawn are set out in Rule 29.07(d). *Id.*

There is no rule that expressly addresses the circumstances under which a trial court can order the withdrawal of a guilty plea on its own motion. However, given that double jeopardy attaches upon unqualified acceptance of the plea, some guidance may be provided by cases addressing double jeopardy in the trial context. Specifically, a court may declare a mistrial *sua sponte* and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the "manifest necessity" doctrine. *See State v. Smith,* 988 S.W.2d 71, 80 (Mo.App. 1999). Put another way, a declaration of mistrial and subsequent retrial will not violate double jeopardy if justice would not have been served by continuation of the original proceedings. *See id.*

There are analogous circumstances in which the trial court can withdraw acceptance of a previously entered guilty plea. For example, it has been held that Rule 24.02(c) inferentially permits a trial court

---

**6.** We note, however, that Rule 24.02(d)(2) permits the plea court to defer the decision of whether or not to accept the plea until it has an opportunity to consider the pre-sentence investigation report. The plea court did not follow that procedure, here.

to take such action when it determines that a defendant's guilty plea was unknowing or involuntary. *Douglas,* 622 S.W.2d at 30. In that circumstance, however, the basis for withdrawal of the plea must concern a material aspect of the plea proceedings. *See id.*

■ Here, Creamer's statements in the pre-sentence investigation do not raise questions concerning a material aspect of his *Alford* plea. The essence of the *Alford* plea is that the defendant does not admit to having committed the offense. In *Alford,* the Court stated, "while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence *even if he is unwilling or unable to admit his participation in the acts constituting the crime.*" 400 U.S. at 37, 91 S.Ct. 160 (italics added).

■ The factual basis of the *Alford* plea may consist of an admission of certain facts by the defendant pointing to his guilt supplemented by the State's recitation of facts that would be proven at trial. *See e.g., Nimrod v. State,* 14 S.W.3d 103, 106 (Mo.App.2000). Ultimately, in deciding whether to accept an *Alford* plea, the trial court must determine that the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Alford,* 400 U.S. at 37, 91 S.Ct. 160. As there is no admission required by a defendant in making an *Alford* plea that he has actually committed the offense, we conclude that a subsequent statement by that defendant that he did not commit that offense is typically immaterial to the continued validity of an *Alford* plea.

Creamer cites to a number of cases in other jurisdictions that limit the power of courts to order withdrawn, *sua sponte,* guilty pleas that were made knowingly and voluntarily. *See, e.g., State v. Comstock,* 168 Wis.2d 915, 485 N.W.2d 354 (1992); *Kurz v. Justices of the Supreme Court of New York,* 228 A.D.2d 74, 654 N.Y.S.2d 783 (N.Y.App.Div.1997); and *People v. Ford,* 65 A.D.2d 822, 410 N.Y.S.2d 343 (N.Y.App.Div.1978). In Wisconsin, a court may set aside a knowingly and voluntarily made plea only upon a finding that the plea was procured by fraud or that material information was withheld that would have induced the court not to accept the plea. *Comstock,* 485 N.W.2d at 369–70. In New York, the court may set aside a plea for "fraud, misrepresentation, deceit, or trickery." *Kurz,* 654 N.Y.S.2d at 785. While we do not have before us the question of whether such limits on the trial court's authority are generally applicable in Missouri, we note that there is no indication in the record that Creamer's *Alford* plea was fraudulent or that he deliberately withheld material information from the trial court.

Did the statement by Creamer contained within the pre-sentence investigation report that he believed himself to be innocent of the offense otherwise constitute a valid basis to order his plea withdrawn? The State contends that the trial court was placed in the position of being unable to reconcile the statements made by Creamer during plea proceedings and those made by him during the pre-sentence investigation. We do not believe that Creamer's statements in those two settings are necessarily inconsistent. His statement to the investigator that he did not believe that he was guilty of the assault charge can be reconciled with his unwillingness during the plea hearing to admit guilt based upon his belief that he

acted in self-defense. In any event, there is nothing in the record to indicate that the plea court confronted Creamer with these statements and further inquired of him in any respect whether his original plea was voluntary and whether he continued with his desire to plead guilty to the charge.

■ The State raises only one contention in its brief touching on whether the court could set aside the guilty plea on grounds that it was unknowing or involuntary. It claims that Creamer's statement during the pre-sentence investigation suggests that the plea might have been coerced and involuntary. However, in oral argument the State abandoned this argument because it could point to nothing in the record to support that conclusion. The State recognized the inherent difficulty of supporting such an argument in a setting where the court had made no inquiry about the earlier plea's voluntariness. Creamer's statements, here, do not raise such an implication, nor did the trial court conduct any inquiry regarding such a concern prior to its order withdrawing the guilty plea. Simply put, Creamer's statement referenced in the pre-sentence investigation does not raise any material questions that would justify withdrawal of his *Alford* plea on the assault charges on the basis of coercion or involuntariness of the plea.

■ Lastly, the State argues that withdrawing Creamer's guilty plea was made necessary because his statements in the pre-sentence investigation constituted a breach of the plea agreement between him and the State.[7] The essence of the State's position was that, having pleaded to the offenses, he was barred from subsequently claiming that he was not guilty of those offenses. The difficulty with the State's position is that there is no provision in the plea agreement, as presented in the record on appeal that would render such statements a breach of the agreement. Nor does the State present any legal basis for inferring such a requirement.[8] We find this argument to be without merit.

To review, then, the trial court committed error in ordering Creamer's guilty plea withdrawn on its own motion. An *Alford* plea may be accepted regardless of whether the defendant is unwilling to admit that he is guilty of the offense or even expressly denies guilt. *Alford,* 400 U.S. at 37, 91 S.Ct. 160. The trial court's action in withdrawing Creamer's plea and subsequently trying him on the offense of assault in the first degree constitutes obvious and clear error, thus meeting the first requirement for plain error relief pursuant to Rule 30.20.

■ Even if we find that the trial court committed plain error, we may reverse only if we conclude that the error resulted in a miscarriage of justice or a manifest injustice, which requires more than a mere showing that the defendant was prejudiced. 'See *State v. White,* 92 S.W.3d 183, 189 (Mo.App.2002).' The *sua sponte* withdrawal of Creamer's guilty plea, here, resulted in his subsequently being tried and convicted of the more serious charge of assault in the first degree. On that charge, he was ordered to serve a sentence

7. While remedies are available to the State upon a defendant's breach of a plea agreement, *see State v. White,* 838 S.W.2d 140, 142 (Mo.App.1992), we need not discuss such remedies here, given that there has been no breach established.

8. Moreover, the State acquiesced in moving forward with the plea proceedings for the assault charge as an *Alford* plea. It would be inconsistent to infer that it would be a breach of the plea agreement to subsequently claim that he did not commit that offense when he was not required to admit having committed the offense during the plea proceeding itself.

of ten years in prison. Under the plea agreement, Creamer was subject to a maximum sentence of seven years' imprisonment, a significantly shorter period of incarceration. In addition, since jeopardy attached upon the trial court's acceptance of Creamer's *Alford* plea for the offense of second-degree assault, we have serious concerns that the subsequent trial constituted a violation of Creamer's protections against double jeopardy under the Fifth and Fourteenth Amendments to the Constitution. The trial court's actions resulted in a miscarriage of justice that can only be remedied by reversal of his conviction of the offense of assault in the first degree.

We, therefore, grant Creamer's second point on appeal. Finding that point to be dispositive, we need not address his remaining three points on appeal. We reverse Creamer's conviction of first-degree assault and remand the matter with instructions to reinstate Creamer's plea to the offense of second-degree assault and re-sentence him accordingly.

EDWIN H. SMITH, Chief Judge, and PAUL M. SPINDEN, Judge, concur.