**STATE of Missouri, Plaintiff–Respondent**

v.

**Steven P. YORK, Defendant–Appellant.**

No. 28523.

Missouri Court of Appeals, Southern District, Division One.

May 13, 2008.

Kent Denzel, Asst. Public Defender, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Asst. Atty. Gen., for respondent.

JOHN E. PARRISH, Presiding Judge.

Stephen P. York (defendant) appeals a judgment that convicted him of robbery in

the first degree. § 569.020, RSMo 2000. This court reverses and remands for further proceedings.

Defendant appeared with appointed counsel February 10, 2006, before a circuit judge and tendered a plea of guilty to the offense with which he was charged pursuant to a negotiated plea agreement. The plea of guilty was tendered as an *Alford* plea.[1] The court inquired of defendant and the state. At the conclusion of the inquiry, the court stated it would accept the plea of guilty; that it found the plea of guilty was "made freely, voluntarily, intelligently with the full understanding of the charge, the right to trial including a jury trial, and the consequences of pleading guilty." A pre-sentence investigation was ordered. The parties were ordered to appear for further proceedings April 7, 2006.

On March 29, 2006, defendant filed a motion stating he "elect[ed] to waive his 6th amendment right to the appointment of counsel to prepare his defense"; that he was "invok[ing] his United States Constitutional right to Self–Representation [sic]." He requested that the court "honor his right to Self–Representation [sic] with the assistance of counsel in a[sic] advisory capacity." Defendant filed a *pro se* "Motion to Withdraw Plea" April 5, 2006, in which he asked the court to set aside the *Alford* plea "and to continue with the normal legal procedural mechanisms of this trial court."

The court took up defendant's motions April 21, 2006. The court asked defendant, "What's the basis of you wanting to withdraw the plea, sir?" Defendant answered, "I'm not guilty." After further discussion the judge told defendant, "I'm going to let you withdraw from your plea and I'm getting out of the case is what I'm going to do and I'm taking [defendant's appointed counsel] off the case." Defendant replied, "It's what I wish," to which the court answered, "You got it. Good day." The judge recused on his own motion. The case was thereafter transferred to another circuit judge.

Defendant appeared before the newly assigned judge June 28, 2006, at which time he was told the case was set for trial "October 10th at 8:30 the number three setting."[2] Defendant was called before the court again October 3, 2006. The judge told defendant that in reviewing the file, the judge observed that defendant had not signed a written statement waiving counsel when he told the previously assigned judge he wanted to represent himself. The judge then inquired of defendant about defendant's wish to represent himself and discussed other issues defendant anticipated pursuing as part of his trial preparation. The judge continued the case until October 6. On October 6 the court observed that at the previous proceeding there had been a discussion about defendant's waiver of his right to counsel; that defendant had been provided a written form for that purpose and had desired time to review the form. Defendant told the judge he wished to proceed without counsel and to waive that right. Defendant signed the form he had been provided. Following lengthy additional inquiry,

**1.** In *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a defendant in a criminal case who was faced with strong evidence of guilt pleaded guilty although he professed the belief that he was innocent. *Alford* held it was not constitutional error to accept a plea under those facts; that under those circumstances, it was reasonable for a defendant to plead guilty in order to limit the penalty he might otherwise receive if he went to trial. *Id.* at 37, 91 S.Ct. 160.

**2.** Six separately bound transcripts were made of this proceeding and later proceedings. Five of the six were reported by the same court reporter. The longest of the five contains 98 pages. The numbering of pages in each volume begins at "Page 1." This is not a commendable practice.

the court found defendant had "knowingly, voluntarily, and intelligently waived his right to be represented by counsel." The judge ordered that defendant be permitted to proceed *pro se.*

The trial did not take place October 10, nor did a hearing that had been scheduled for October 11. Defendant appeared before the court January 4, 2007. At that time a hearing was scheduled for January 11 to address motions defendant had filed. A pre-trial conference was scheduled for February 20 and a March 12, 2007, trial date was set.

On January 11 the court heard defendant's various motions. The judge asked whether defendant still wished to represent himself. The judge noted problems that might occur if defendant continued to represent himself and again offered to appoint a public defender to take over defendant's representation. Defendant told the court, "I still want to represent myself, because I still believe firmly that there's systemic problems with the public defender's office. I can't have any confidence in them." Defendant said he was representing himself because he thought it was the better strategy. He thought the public defender's office "didn't represent [him] at all."

Defendant added that he would not have chosen self-representation if he "had an attorney in the State of Missouri who was going to represent [him] that wasn't in the public defender's office." Upon further questioning defendant acknowledged, however, that his complaint was with the way the particular attorney who had previously represented him handled the case. He did not think the public defender system had given him reason to believe "they" could adequately represent him or anyone else.

After defendant left the courtroom, the judge suggested to the prosecutor "that if you try this case based upon [defendant's] answers, it is not a confident waiver of counsel. It will come back. . . ." The judge suggested that the prosecutor "do some research before you put all the time and effort."

On January 22, 2007, the court ordered the public defender "to assist deft as stand-by counsel." Two days later the state filed a pleading entitled "Motion to Reinstate Defendant's Plea of Guilty and Proceed to Sentencing" that asserted that a defendant did not have an absolute right to withdraw a guilty plea and requested that the trial court reinstate the guilty plea that had previously been withdrawn and set a date for sentencing.

A "2/20/07" docket entry recites, "STATE APPEARS BY APA MYERS. DEFT APPEARS FROM JAIL AND WITH ATTY BAKER. STATE'S MOTION TO REINSTATE PLEA OF GUILTY REMAINS UNDER ADVISEMENT." The judge stated that he anticipated ruling on the motion the end of that week. However, the date the case was set for trial, March 12, 2007, passed without the case being tried or the motion being ruled on. Motions continued to be filed. On May 18, 2007, the parties appeared—defendant with stand-by counsel. After a discussion between defendant and the judge, the judge, over defendant's objection, granted the state's motion to reinstate the plea of guilty that the previously assigned judge had permitted to be withdrawn. Sentence was imposed and judgment entered.

Defendant asserts one point on appeal. He argues that the trial court erred in granting the state's motion to reinstate the guilty plea.

 The state makes two arguments that need be addressed initially. The state contends that defendant is undertaking to appeal from a guilty plea; that his claim of error is not an attack on the trial court's subject matter jurisdiction or the sufficien-

cy of the charging instrument (in this case an information); that, therefore, the issue defendant seeks to raise is not cognizable by direct appeal. *See State v. Phillips,* 204 S.W.3d 729 (Mo.App.2006). The state further asserts that even though defendant is not entitled to have his claim of error resolved by direct appeal, defendant is not without a remedy; that Rule 24.035 permits persons in the custody of the department of corrections to challenge their sentences or convictions on the basis that they are contrary to the U.S. or Missouri constitutions or the laws of Missouri by means of post-conviction proceedings. The state argues that defendant must rely on this procedure for the relief he seeks.

■ The state mischaracterizes this appeal. The issue in this case is whether a guilty plea existed at the time the judge undertook to sentence defendant. It is not an appeal of a guilty plea. When a guilty plea is withdrawn, a defendant is restored to the position he occupied prior to entering the plea of guilty. *State v. Patrick,* 816 S.W.2d 955, 958 (Mo.App.1991). Here, the first judge assigned to the case permitted defendant to withdraw the plea of guilty he had previously entered.

■ Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Rule 29.07(d) does not provide a criterion for defining when a plea of guilty may be withdrawn upon a motion before sentence. It is clear a plea of guilty may not be so withdrawn as a matter of right. *State v. Lawrence,* 614 S.W.2d 1 (Mo.App.1980). It has been said that whether or not such a withdrawal shall be permitted is within the sound discretion of the court. *State v. Douglas,* 622

S.W.2d 28 (Mo.App.1981). Or, that such withdrawal will be permitted when it is fair and just, *United States v. Devins,* 646 F.2d 336 (8th Cir.1981), or only in extraordinary circumstances. *State v. Lawrence, supra; State v. McCollum,* 610 S.W.2d 81 (Mo.App.1980).

*State v. Choate,* 639 S.W.2d 906, 908 (Mo. App.1982).

The trial court relied on *State v. Creamer,* 161 S.W.3d 420 (Mo.App.2005), as authority for reinstating defendant's plea of guilty over defendant's objection. *Creamer,* however, was not a case in which a trial court granted a defendant's request to withdraw a plea of guilty. The defendant in *Creamer* did not wish to withdraw his plea of guilty. The plea had been entered pursuant to a negotiated plea agreement. It was tendered and accepted as an *Alford* plea. During the course of a presentence investigation, the defendant in *Creamer* stated that he did not commit the offense in question or another offense that had been dismissed pursuant to the plea agreement. Thereafter, at the sentencing hearing, the trial court announced that because the defendant had maintained that he did not commit the offense, it was not going to accept that plea. The defendant was subsequently tried and convicted and sentenced to imprisonment for a term of ten years. *Creamer* held this was error; that the trial court did not have authority to *sua sponte* refuse the plea agreement after having previously accepted it. *Creamer* held that under the facts of that case, "[a]cceptance of the plea ... place[d] limits upon the trial court's ability to set aside the plea." *Id.* at 425.

*Creamer* explains that double jeopardy attaches upon the unqualified acceptance of a guilty plea. *Creamer* concluded:

The *sua sponte* withdrawal of Creamer's guilty plea ... resulted in his subsequently being tried and convicted of [a

more serious charge]. On that charge, he was ordered to serve a sentence of ten years in prison. Under the plea agreement, Creamer was subject to a maximum sentence of seven years' imprisonment, a significantly shorter period of incarceration.... The trial court's actions resulted in a miscarriage of justice that can only be remedied by reversal of his conviction of the offense of assault in the first degree.

*Id.* at 427–28. The conviction was reversed and the case remanded with instructions to reinstate the plea of guilty to the offense of second-degree assault and for resentencing.

■ *Creamer* is not in point with respect to the issues in this appeal. In *Creamer,* the trial court *sua sponte* refused to go forward with sentencing on a plea bargain after initially unconditionally accepting it. Here, defendant requested to withdraw his plea of guilty. That request had been granted. There is no double jeopardy issue in this case because defendant consented to the withdrawal of the plea of guilty. Double jeopardy does not attach when a defendant consents to termination of the proceeding. *See State v. Tolliver,* 839 S.W.2d 296, 299 (Mo.banc 1992); *State v. Smith,* 988 S.W.2d 71, 81 (Mo.App.1999); *State ex rel. Reynolds v. Kendrick,* 868 S.W.2d 134, 136 (Mo.App. 1993).

■ The decision of whether to permit defendant to withdraw his plea of guilty was within the sound discretion of the trial judge who was assigned to the case at the time the request was made. *State v. Ralston,* 39 S.W.3d 546, 549 (Mo.App.2001); *Sharp v. State,* 908 S.W.2d 752, 754 (Mo. App.1995) *cert. denied,* 518 U.S. 1007, 116 S.Ct. 2529, 135 L.Ed.2d 1052 (1996). The request was granted. "The effect of the withdrawal was to restore defendant to the position he occupied prior to entering such plea." *Patrick,* 816 S.W.2d at 958. Defendant's point is granted. The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

BATES and SCOTT, JJ., concur.