**STATE of Missouri, Respondent,**

v.

**Marc A. READMAN, Appellant.**

**No. WD 68557.**

Missouri Court of Appeals,
Western District.

Sept. 2, 2008.

Irene Karns, Columbia, MO., for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Daniel N. McPherson, Jefferson City, MO., for respondent.

Before JOSEPH M. ELLIS, P.J., RONALD R. HOLLIGER and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Marc A. Readman appeals his conviction following a jury trial for statutory rape in

the second degree, section 566.034, RSMo 2000, and sentence of seven years imprisonment. In his sole point on appeal, Mr. Readman claims the trial court erred in overruling his *Batson* objection to the State's peremptory strike to remove a venireperson from the jury. Specifically, he argues the State's rationale for its striking of venireperson no. 21 was pretextual because the venireperson's gender was an integral part of the explanation. The point is denied, and the judgment of conviction is affirmed.

## Factual and Procedural Background

Marc A. Readman was charged by information in Boone County for statutory rape in the second degree, section 566.034, RSMo 2000. On October 10, 2006, Mr. Readman entered a plea of guilty, which he subsequently withdrew on November 20, 2006. The case was set for trial. At trial, after *voir dire* examination was conducted, counsel for Mr. Readman raised, *inter alia*, a *Batson* challenge to the State's peremptory strike against venireperson no. 21. Defense counsel claimed the strike was impermissibly based on the venireperson's gender.

On appeal, Mr. Readman challenges the State's strike of venireperson no. 21. The State offered two gender-neutral reasons for the strike: age and physical appearance. The State contended that venireperson no. 21's age was similar to the defendant's. The prosecutor further stated he believed venireperson no. 21 "looked an awful lot like the defendant" and he was "concerned about [venireperson no. 21] empathizing with the defendant being in that situation." Counsel for Mr. Readman responded that the proffered reason was pretextual because several females of a similar age were kept on the jury. The court proposed recalling the venireperson (under the guise of posing to him an unrelated question) so the court could observe for itself the appearance in question. The parties agreed this procedure was not objectionable.

After calling venireperson no. 21 into the courtroom to observe his appearance, the trial court agreed that his physical appearance resembled the defendant's. The trial court found the State's strike was logical, noting it would be "reasonable to anticipate that if someone looks like someone else, that may be a reasonable basis for empathizing with him in one fashion or another." Accordingly, the trial court denied the defendant's *Batson* challenge with regard to venireperson no. 21.

The trial proceeded, and the jury found Mr. Readman guilty of the offense charged. The trial court entered a judgment of conviction and sentenced Mr. Readman to seven years imprisonment. This appeal followed.

## Standard of Review

In determining the applicable standard of review in this case, it should be noted that Mr. Readman acknowledges his motion for new trial was untimely filed. In general, failure to file a motion for new trial based on a claim of trial error in a timely manner preserves nothing for appellate review. Rule 78.07. Nonetheless, Mr. Readman asks this court to review for plain error under Rule 30.20.

Plain error review involves a two-step process. *State v. White*, 92 S.W.3d 183, 189 (Mo.App. W.D.2002). First, the reviewing court must determine whether the claim of plain error, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. *State v. DeWeese*, 79 S.W.3d 456, 457 (Mo.App. W.D.2002). An error is plain if it is evident, obvious and clear. *Id.* If evident, obvious and clear error is found on the

face of the claim, the appellate court has discretion to determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Id.* In this case, even assuming, *arguendo*, that a timely filed motion would have preserved the claim of error, the trial court's ruling does not constitute clear error, let alone plain error.

### Analysis

■ The Equal Protection Clause prohibits the prosecutor's use of peremptory challenges in a manner discriminating on the basis of race or gender. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). In Missouri, the trial court follows a three-step procedure when a defendant challenges the State's peremptory strikes based on equal protection grounds. *State v. Parker*, 836 S.W.2d 930, 933 (Mo. banc 1992). First, the defendant must raise a race or gender *Batson* challenge. Second, the State must put forth a reasonably specific and clear race- or gender-neutral explanation for the strike. Finally, assuming the State's explanation is acceptable, the defendant has the burden to show such explanation was merely pretextual and the strike was motivated by purposeful discrimination. *State v. Jackson*, 925 S.W.2d 856, 863–64 (Mo.App. W.D.1996). In general, the trial court's determination of the propriety of the strike will not be reversed unless it was clearly erroneous. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). However, as noted above, because Mr. Readman's claim of error was not properly preserved, this case is reviewed, if at all, for plain error only.

■ The trial court's primary concern in evaluating the *Batson* challenge is the " 'plausibility of the prosecutor's explanations in light of the totality of the facts and circumstances surrounding the case.' " *State v. McFadden*, 191 S.W.3d 648, 651 (Mo. banc 2006) (quoting *Parker*, 836 S.W.2d at 939). The first step is satisfied by raising a timely objection on *Batson* grounds, including identifying the cognizable protected group to which the venireperson belongs. *State v. Barnett*, 980 S.W.2d 297, 302 (Mo. banc 1998). To meet the second step of the inquiry, the State's reasons for the strike need not be plausible or persuasive, but only facially race- or gender-neutral. *State v. Brooks*, 960 S.W.2d 479, 488 (Mo. banc 1997). The reason given is presumed to be neutral unless discriminatory intent is inherent within the explanation. *Id.* At the third step, in determining whether the defendant has established purposeful discrimination, the trial court's assessment of the prosecutor's credibility is paramount. *State v. Williams*, 956 S.W.2d 942, 947 (Mo.App. W.D.1997).

■ In this case, Mr. Readman raised a gender *Batson* objection to the strike of venireperson no. 21. The prosecutor's response was that venireperson no. 21 was struck because of his age and because of his physical appearance.

■ Age is a race-neutral, gender-neutral factor that the State may properly consider when making peremptory strikes. *Barnett*, 980 S.W.2d at 302. In this case, the prosecutor's reason for the strike included the fact that venireperson no. 21 was close in age to the defendant, that is, venireperson no. 21 was 26 years old and the defendant was 25 years old. The prosecutor explained his concern that the venireperson would "[be] able to relate to what the defendant is going through." The prosecutor's explanation based on age was a valid, gender-neutral basis for a peremptory strike that the court deemed credible. *Id.*

■ The Missouri Supreme Court has determined that striking a juror who re-

sembles the defendant is not inherently race (or gender) based. *See State v. Williams,* 97 S.W.3d 462, 472 (Mo. banc 2003) (because he had the same glasses and a similar demeanor, the venireperson resembled the defendant). In the case sub judice, the prosecutor's proffered explanation for striking venireperson no. 21 was that he looked physically similar to the defendant. Moreover, the trial court has considerable discretion in determining the plausibility of the prosecutor's reason and whether the prosecutor purposefully discriminated in exercising a peremptory strike. *State v. Gray,* 887 S.W.2d 369, 384 (Mo. banc 1994). In this case, the trial court clearly "found the State's reasons persuasive and the prosecutor credible." *See State v. Koenig,* 115 S.W.3d 408, 413 (Mo.App. S.D.2003) (noting that " 'the issue comes down to whether the trial court finds the prosecutor's [gender]-neutral explanations to be credible.' ") The trial court found venireperson no. 21 did in fact resemble the defendant in appearance, based on the court's personal observations. Accordingly, the trial court determined the State's strike was logical, noting it would be "reasonable to anticipate that if someone looks like someone else, that may be a reasonable basis for empathizing with him in one fashion or another."

The trial court did not plainly err in allowing venireperson no. 21 to be stricken because the prosecution gave a gender-neutral explanation for the strike. Mr. Readman has not demonstrated an evident, obvious, and clear error, nor has he shown manifest injustice or a miscarriage of justice. The point is denied.

The judgment of conviction is affirmed.

All concur.