Curtis A. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

WD 79678

Missouri Court of Appeals,
Western District.

Filed: September 26, 2017

S. Kate Webber, Kansas City for appellant.

Richard A. Starnes, Jefferson City for respondent.

Before Division Three: Alok Ahuja, P.J., and Thomas H. Newton and Cynthia L. Martin, JJ.

Alok Ahuja, Judge

Curtis Johnson pled guilty to two counts of first-degree statutory sodomy in the Circuit Court of Jackson County, and was sentenced to concurrent sentences of twelve years' imprisonment. Johnson filed a motion for post-conviction relief under Supreme Court Rule 24.035. Johnson alleged that the circuit court erred by setting aside his earlier guilty plea to a single count of second-degree statutory sodomy; the earlier plea was made pursuant to a plea agreement in which the prosecution agreed to request *no more than a six-year*

sentence. Johnson's motion asked the court to vacate his convictions and sentences for first-degree statutory sodomy, and reinstate his earlier plea and the associated plea agreement.

The circuit court denied relief following an evidentiary hearing. Johnson appeals. We affirm.

## Factual Background

Johnson was originally charged with one count of first-degree statutory sodomy, for sexual misconduct involving his granddaughter. On October 28, 2013, he appeared before the circuit court[1] to enter a guilty plea pursuant to a plea agreement. Under the agreement, the State agreed to reduce the charge to second-degree statutory sodomy, and agreed to recommend a sentence of no more than six years.

During the October 2013 plea hearing Johnson was emotional, and stated that he was "a little upset." He explained:

I did everything for my grand-kids and now I'm going to prison. Their mother still has them and she's very unfit. I tried to do everything for my grand-kids. I promised my son that I would help him with them. Me and my wife did everything. Those kids have been having sexual activities with each other and I tried to prevent it. I tried to cover it up. And now I'm paying for it. I don't know how it got this far. The State dismissed my other grand-daughter's case because she told the truth.

As a result of Johnson's comments, the court expressed concern whether he was "really capable of going forward today" with a guilty plea, and took a brief recess. Following the recess, the court questioned Johnson under oath, he admitted his guilt

for the charged offense, and the court accepted his guilty plea. The court ordered the preparation of a Sentencing Assessment Report ("SAR"), and set the case for a sentencing hearing on December 30, 2013.

On December 30, the court entered a written "Order Withdrawing Defendant's Plea of Guilty and Returning Case to the Trial Docket." The order read:

This Court has received and reviewed the Sentencing Assessment Report and notes that Defendant denied that he committed the acts alleged in the amended information to the SAR writer. In consultation and by agreement of counsel and the defendant,

IT IS HEREBY ORDERED that the Defendant's plea of guilty is set aside pursuant to Supreme Court Rule 29.07(d).

On January 17, 2014, the State filed a superseding indictment charging Johnson with two counts of first-degree statutory sodomy. On August 15, 2014, Johnson pled guilty to both counts pursuant to a new plea agreement. Under this second plea agreement, the State agreed not to recommend a sentence in excess of twelve years on each charge, to run concurrently.

During Johnson's second plea hearing, the court asked the prosecutor if there had been prior plea offers.[2] The prosecutor responded that Johnson had originally agreed to plead guilty to a single count of second-degree statutory sodomy "with a plea up with a lid of six years." The prosecutor explained that "[h]e subsequently withdrew his plea," and "then the process started over." After the prosecutor's description of the history of the negotiations, Johnson's counsel agreed that the prosecu-

---

1. Judge Peggy Stevens McGraw.

2. By this time, Judge McGraw had retired, and the case had been reassigned to Judge David M. Byrn.

tion had made "an accurate recitation of the plea discussions in this case."

The circuit court accepted Johnson's second guilty plea. On August 14, 2014, the court sentenced Johnson, consistent with the plea agreement, to twelve years' imprisonment on each count of first-degree statutory sodomy, with the sentences to be served concurrently.

The record does not reflect that Johnson ever objected to the setting aside of his original guilty plea prior to the entry of a final judgment of conviction.

Following his sentencing, Johnson filed a *pro se* motion for post-conviction relief under Rule 24.035, and appointed counsel filed a timely amended motion on his behalf. As relevant here, the amended motion alleged that the circuit court lacked the authority to set aside Johnson's original guilty plea, and that when it set the original plea aside, the circuit court violated Johnson's rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The circuit court held an evidentiary hearing on Johnson's amended motion, at which it heard testimony from Johnson and from his plea counsel Tom Porto. Porto testified that, after reviewing the SAR, he sent Johnson a letter asking if he wished to withdraw his guilty plea, and that Johnson never asked him to do so. Porto could not recall in detail the discussions which occurred on December 30, 2013, before Johnson's initial plea was withdrawn. Porto testified that the circuit court withdrew the guilty plea because Johnson wavered in the SAR. He also testified that Johnson never requested that Porto take any action to seek to have his initial guilty plea reinstated, or expressed any concern or outrage that the court had set his original plea aside.

Johnson testified that the decision to withdraw his initial guilty plea was made by the circuit court without his input. Johnson said that he *did* ask for his original plea to be reinstated, and further testified that "even though the State was trying to prove it, nothing happened to my granddaughter."

The circuit court issued its judgment denying Johnson's amended motion on April 5, 2016. The court found that Johnson "agreed to and/or acquiesced in the withdrawal of the first guilty plea," and voluntarily pled guilty to the charges in a superseding indictment which was filed after his initial plea was set aside. The court concluded that, "[w]hen a defendant consents to the withdrawal of a plea, jeopardy does not attach."

Johnson appeals.

## Standard of Review

This Court's review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Garris v. State*, 389 S.W.3d 648, 650-51 (Mo. banc 2012)(citations and internal quotation marks omitted); *see also* Rule 24.035(k).

## Discussion

Johnson argues that the circuit court improperly set aside his original guilty plea *sua sponte*, and that his later conviction violated the Double Jeopardy

Clause of the United States Constitution. The circuit court found, however, that Johnson *agreed* to the withdrawal of his original guilty plea, and that his agreement obviated any double jeopardy issue. Because the circuit court's findings and conclusions are not clearly erroneous, we affirm.

> Rule 24.02(c) requires that a "court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." Once the plea court has entered its unqualified acceptance of the plea, jeopardy is considered to have attached to the proceedings. Consequently, the plea court may not subsequently set aside the plea on its own motion without violating the constitutional prohibition against double jeopardy unless it determines that some material aspect of the plea proceeding rendered the plea unknowing or involuntary.

*State v. Prince*, 518 S.W.3d 847, 852-53 (Mo. App. W.D. 2017) (citing *State v. Creamer*, 161 S.W.3d 420, 425-26 (Mo. App. W.D. 2005)); *see also Peiffer v. State*, 88 S.W.3d 439, 444-45 (Mo. banc 2002).[3]

■ While double jeopardy principles generally limit the authority of the circuit court to set aside a guilty plea which it has unconditionally accepted, the court is not prohibited from setting aside a guilty plea where the defendant consents to that course of action. As this Court explained in

*State v. York*, 252 S.W.3d 245 (Mo. App. S.D. 2008),

> There is no double jeopardy issue in this case because defendant consented to the withdrawal of the plea of guilty. Double jeopardy does not attach when a defendant consents to termination of the proceeding.

*Id.* at 249 (citations omitted).

■ Although few cases address the double jeopardy issues which arise when a court sets aside a guilty plea, similar issues arise when a defendant goes to trial, and the trial court terminates the proceeding (after jeopardy has attached) by declaring a mistrial. As *York* recognizes, it is well established in that context that "[t]he double jeopardy clause does not bar retrial if the defendant requests, or consents to, the mistrial." *State v. Tolliver*, 839 S.W.2d 296, 299 (Mo. banc 1992) (citations omitted); *accord, United States v. Dinitz*, 424 U.S. 600, 608, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (drawing distinction for double jeopardy purposes "between mistrials declared by the court *sua sponte* and mistrials granted at the defendant's request or with his consent"); *State ex rel. Kemper v. Vincent*, 191 S.W.3d 45, 51 (Mo. banc 2006) ("If the defendant requests or consents to a mistrial, double jeopardy will not bar reprosecution.") (citation omitted). Like a mistrial, setting aside a guilty plea does not violate double jeopardy principles where a defendant requests or consents to that action.

■ Here, the motion court specifically found that Johnson "agreed to and/or ac-

---

**3.** The circuit court's judgment found, in the alternative, that Johnson's double-jeopardy claim failed because jeopardy does not attach until after sentencing. In *Peiffer*, however, the Missouri Supreme Court "adopt[ed] the rule, followed in many jurisdictions, that double jeopardy attaches to a guilty plea upon its unconditional acceptance.... [T]his means that jeopardy attaches before sentence is imposed...." *Id.* at 444-45. Although the circuit court was mistaken in concluding that Johnson had not been placed in constitutional "jeopardy" at the time the court set aside his plea, its judgment can be sustained on the basis that Johnson consented to withdrawal of his original plea.

quiesced in the withdrawal of the first guilty plea." Johnson argues that the court's finding that he consented to the withdrawal of his guilty plea is clearly erroneous because the record does not support the finding. We disagree.

■ Under Rule 24.035(i), "[t]he movant has the burden of proving the movant's claims for relief by a preponderance of the evidence." While Johnson emphasizes his own testimony, and that of his plea counsel, at the evidentiary hearing, "[t]he motion court is free to believe or disbelieve any portion of the testimony and we defer to the motion court's credibility determinations." *Cross v. State*, 454 S.W.3d 365, 368-69 (Mo. App. S.D. 2015) (citation omitted). Given that the circuit court was not required to accept Johnson's evidence as true, the court did not clearly err in finding that Johnson had failed to prove that the court set aside his original plea without his input.[4]

Johnson claims that there is no support in the record for the circuit court's conclusion that he consented to the setting aside of his original guilty plea. That is inaccurate. First and foremost, the trial court's order setting aside Johnson's original plea specifically states that the court decided to set the plea aside "[i]n consultation and by agreement of counsel and the defendant." In addition, when the prosecution at a later hearing stated to the court that Johnson "subsequently withdrew his [original] plea," Johnson's counsel agreed that the prosecution's description of the history of plea negotiations was accurate. The fact that Johnson never objected to the setting aside of his original plea, and never asked his attorney to seek to reinstate his original plea, further supports the circuit court's conclusion that he had in fact consented to the withdrawal of his original plea.

■ The circuit court did not clearly err in concluding that Johnson consented to the withdrawal of his initial guilty plea. Given Johnson's consent, double-jeopardy principles did not prevent the circuit court from setting his initial plea aside.[5]

---

4. We also note that the circuit court could justifiably conclude that *counsel's* testimony was not particularly probative, even if otherwise credible: counsel conceded that he could not recall the specifics of any discussions on December 30, 2013 "very clearly," and specifically testified that he could not recall "[i]f [he] came out and spoke with [Johnson] prior to the withdrawal of the guilty plea or not."

5. Johnson's briefing also suggests that the circuit court lacked the authority under Rule 29.07(d) to set aside his plea, even with his consent. We disagree. Although "Rule 29.07(d) does not provide a criterion for defining when a plea of guilty may be withdrawn upon a motion before sentence[,] ... [i]t has been said that whether or not such a withdrawal shall be permitted is within the sound discretion of the court." *State v. Choate*, 639 S.W.2d 906, 908 (Mo. App. S.D. 1982); *accord, State v. Zito*, 595 S.W.2d 383, 385 (Mo. App. W.D. 1980); *State v. Nielsen*, 547 S.W.2d 153, 158-59 (Mo. App. 1977).

Missouri Supreme Court Rule 29.07(d), adopted in 1980, is worded virtually identically to the pre-1983 version of Federal Rule of Criminal Procedure 32(d). Under the pre-1983 version of federal Rule 32(d), "withdrawals of pleas [prior to sentencing] were freely allowed unless the " 'prosecution [had] been substantially prejudiced by reliance upon the defendant's plea.' " " *United States v. Lambey*, 949 F.2d 133, 136 (4th Cir. 1991) (quoting *United States v. Strauss*, 563 F.2d 127, 130 (4th Cir. 1977)) (in turn quoting 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 528, at 474-75 (1969)); *see also, e.g., United States v. Morgan*, 567 F.2d 479, 493 (D.C. Cir. 1977) ("we have held that prior to sentencing withdrawal should be 'freely allowed' and granted 'as a matter of course' "; footnotes omitted). In *York*, the Southern District held that a circuit court had not abused its discretion when it granted a defendant's *pro se* motion to withdraw his guilty plea, which was based solely on his assertion that "I'm not guilty." 252 S.W.3d at 246, 249.

## Conclusion

We affirm the judgment of the circuit court, which denied Johnson's motion for post-conviction relief under Rule 24.035.

All concur.